**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

SOUTHERN_____ District of TEXAS (Houston)_____
                              (State)

Case number (*If known*): _____ Chapter 11___

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/19

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**

   Shale Support Global Holdings, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   8 2 _ 2 1 6 5 3 2 8

4. **Debtor's address**

   **Principal place of business**

   | 600 | Jefferson Street, Suite 602 |
   |-----|------------------------------|
   | Number | Street |

   | Lafayette | LA | 70501 |
   |-----------|-----|-------|
   | City | State | ZIP Code |

   | Lafayette Parish, Louisiana |
   |------------------------------|
   | County |

   **Mailing address, if different from principal place of business**

   | | |
   |--|--|
   | Number | Street |

   P.O. Box

   | | | |
   |--|--|--|
   | City | State | ZIP Code |

   **Location of principal assets, if different from principal place of business**

   | | |
   |--|--|
   | Number | Street |

   | | | |
   |--|--|--|
   | City | State | ZIP Code |

5. **Debtor's website** (URL)

   https://shalesupport.com

6. **Type of debtor**

   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding  LLP)

   ☐ Other. Specify: _____

| Debtor | Shale Support Global Holdings, LLC | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2  1  3  1   (Support Activities for Mining)

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

☐ Yes.   District _____ When _____ Case number _____
                                 MM / DD / YYYY

               District _____ When _____ Case number _____
                                   MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes.   Debtor   See Attachment 1.   Relationship   affiliated companies

        District   Southern District of Texas (Houston)   When   07/11/2019
                                                MM  /  DD  / YYYY

        Case number, if known _____

| Debtor | Shale Support Global Holdings, LLC | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                              Number        Street

_____

_____
City                                    State        ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

Debtor   Shale Support Global Holdings, LLC
         _____   Case number (if known) _____
         Name

**16. Estimated liabilities**

☐ $0-$50,000              ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☑ $100,000,001-$500 million     ☐ More than $50 billion

---

| **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07   11/2019
              MM / DD / YYYY

✖ */s/ Gary Barton*                              Gary Barton
_____       _____
Signature of authorized representative of debtor   Printed name

Title   Chief Restructuring Officer
      _____

---

**18. Signature of attorney**

✖ */s/ Karl D. Burrer*                    Date   07   11/2019
_____         MM / DD / YYYY
Signature of attorney for debtor

Karl D. Burrer
_____
Printed name

Greenberg Traurig, LLP
_____
Firm name

1000        Louisiana Street, Suite 1700
_____
Number      Street

Houston                                      TX        77002
_____    _____  _____
City                                         State     ZIP Code

713-374-3500                                 burrerk@gtlaw.com
_____    _____
Contact phone                                Email address

24043584                                     Texas
_____    _____
Bar number                                   State

---

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, L.L.C., | § | Case No. _____ (DRJ) |
| | § | |
| Debtor. | § | (Joint Administration Pending) |
| | § | |
| Tax I.D. No. 82-2165328 | § | |

## Attachment to Voluntary Petition for Non-Individuals Filing for
## Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is N/A_____.

2. The following financial data is the latest available information and refers to the debtor's condition on 05/31/2019_____.

    a. Total assets               $ 3,150,225_____

    b. Total debts (including debts listed in 2.c., below)      $ 127,899,025_____

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

    d. Number of shares of preferred stock      _____

    e. Number of shares common stock      _____

    Comments, if any: _____

3. Brief description of debtor's business: Shale Support Global Holdings, LLC is a holding company for Shale Support Holdings, LLC and Stanton Rail Yard, LLC.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
MOR Bison, LLC 69.24%; BBC Holding, LLC 29.67%

████████████████████████████

United States Bankruptcy Court for the:

_____Southern District of Texas_____
                          (State)

Case number *(if known):* Chapter 11         _____

# ATTACHMENT 1

## Pending Bankruptcy Cases
## Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for Joint Administration of these cases under the case number assigned to the chapter 11 case of Shale Support Global Holdings, LLC.

| |
|---|
| Stanton Rail Yard, LLC |
| Shale Support Global Holdings, LLC |
| Shale Support Holdings, LLC |
| Southton Rail Yard, LLC |
| Drying Facility Assets Holding, LLC |
| Shale Energy Support, LLC |
| Mine Assets Holding, LLC |
| Wet Mine Assets Holding, LLC |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, L.L.C., | § | Case No. _____ (DRJ) |
| | § | |
| | § | (Joint Administration Pending) |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 82-2165328 | § | |

## LIST OF EQUITY SECURITY HOLDERS

This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of the commencement of this chapter 11 case.

| Equity Holder | Address of Equity Holder | Type of Equity or Security | Percentage Held |
|---|---|---|---|
| MOR Bison, LLC | 600 Jefferson Street, Suite 602 Lafayette, LA 70501 | Ownership | 70% |
| BBR Holdings, LLC | 18167 Petroleum Drive, Suite A Baton Rouge, LA 70809 | Ownership | 30% |

*ACTIVE 44433914v1*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, | § | Case No. _____ (DRJ) |
| LLC, | § | |
| | § | (Joint Administration Pending) |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 82-2165328 | | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own ten percent (10%) or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| MOR Bison, LLC | 69.24% |
| BBR Holdings, LLC | 29.67% |

Fill in this information to identify the case:

Debtor name SHALE SUPPORT GLOBAL HOLDINGS, LLC, et al.

United States Bankruptcy Court for the: SOUTHERN District of TEXAS (Houston)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | COYOTE LOGISTICS, LLC 2545 W DIVERSEY AVE 3RD FLOOR CHICAGO, IL 60647 | JASON RICE VICE PRESIDENT AND GENERAL COUNSEL PHONE: 877-626-9683 EMAIL: JASON.RICE@COYOTE.COM | SETTLEMENT AGREEMENT | | | | $3,600,000 |
| 2 | J. PATRICK LEE CONSTRUCTION, LLC 1561 WEST UNION ROAD PICAYUNE, MS 39466 | J. PATRICK LEE OWNER PHONE: 601-916-2319 | TRADE PAYABLE | | | | $1,396,260 |
| 3 | TRINITY INDUSTRIES LEASING CO 2525 N. STEMMONS FREEWAY DALLAS, TX 75207 | TIMOTHY R. WALLACE CHIEF EXECUTIVE OFFICER PHONE: 800-631-4420 EMAIL: TIM.WALLACE@TRIN.NET | TRADE PAYABLE | | | | $1,371,304 |
| 4 | VTG RAIL, INC 103 WEST VANDALIA EDWARDSVILLE, IL 62025 | DR. HEIKO FISCHER CHAIRMAN OF THE EXECUTIVE BOARD PHONE: 618-343-0600 EMAIL: HEIKO.FISCHER@VTG.COM | TRADE PAYABLE | | | | $958,000 |
| 5 | CIT RAILCARS FUNDING COMPANY, LLC C/O THE CIT GROUP/EQUIP FNAN, INC. 30 S. WACKER DRIVE SUITE 2900 CHICAGO, IL 60606 | JEFF LYTLE PRESIDENT PHONE: 312-906-5701 EMAIL: JEFFREY.LYTLE@CIT.COM | TRADE PAYABLE | | | | $653,509 |
| 6 | CARBO CERAMICS 575 N. DAIRY ASHFORD RD. SUITE 300 HOUSTON, TX 77079 | GARY A. KOLSTAD PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE: 281-921-6400 EMAIL: GARY.KOLSTAD@CARBOCERAMICS.COM | TRADE PAYABLE/ SETTLEMENT AGREEMENT | | | | $650,000 |
| 7 | WELLS FARGO RAIL CORPORATION 9377 W. HIGGINS ROAD SUITE 600 ROSEMONT, IL 60018 | LORI HEISSLER CHIEF OPERATING OFFICER PHONE: 847-318-7575 FAX: 847-318-7588 EMAIL: LORI.HEISSLER@WELLSFARGO.COM | TRADE PAYABLE | | | | $642,900 |
| 8 | NORFOLK SOUTHERN RAILWAY COMPANY THREE COMMERCIAL PLACE NORFOLK, VA 23510 | JAMES A. SQUIRES CHAIRMAN, PRESIDENT, AND CHIEF EXECUTIVE OFFICER PHONE: (757) 629-2845 EMAIL: JAMES.SQUIRES@NSCORP.COM | TRADE PAYABLE | | | | $617,441 |

Debtor   SHALE SUPPORT HOLDINGS, LLC, et al.                                                   Case Number (if known) _____
     Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 RETIF OIL & FUEL<br>1840 JUTLAND DRIVE<br>HARVEY, LA  70058 | KENNETH J. RETIF<br>CHIEF EXECUTIVE OFFICER<br><br>PHONE: 504-349-9000<br>EMAIL: KRETIF@RETIF.COM | TRADE PAYABLE | | | | $596,876 |
| 10 CIG LOGISTICS SERVICES, LLC<br>420 THROCKMORTON<br>SUITE 550<br>FORT WORTH, TX  76102 | JONATHAN GREEN<br>CHIEF EXECUTIVE OFFICER<br><br>PHONE: 817-768-6391<br>FAX: (817) 768-6394<br>EMAIL:<br>JONATHAN@CIGLOGISTICS.COM | TRADE PAYABLE | | | | $420,365 |
| 11 PAN AMERICAN RAILWAY COMPANY<br>5718 WESTHEIMER SUITE 800<br>HOUSTON, TX  77057 | GERARDO SAAVEDRA<br>VICE PRESIDENT<br><br>PHONE: 281-292-0054<br>EMAIL: GSAAVEDRA@ANCAF.COM | TRADE PAYABLE | | | | $386,532 |
| 12 TIDEWATER LOGISTICS OPERATING LLC<br>706 AVIATOR DRIVE<br>FORT WORTH, TX  76179 | SCOTT SPENCE<br>PRESIDENT<br><br>PHONE: 855-718-9564<br>EMAIL: SCOTT@TWLOG.COM | TRADE PAYABLE | | | | $370,633 |
| 13 BADGER MINING CORPORATION<br>409 S. CHURCH ST.<br>BERLINE, WI  54923 | SHELLY BERNHAGEN<br>LOGISTICS DIRECTOR<br><br>PHONE: 800-932-7263<br>EMAIL:<br>SBERNHAGEN@BADGERMININGCORP.COM | TRADE PAYABLE | | | | $329,278 |
| 14 CHICAGO FREIGHT CAR LEASING CO.<br>425 N. MARTINGALE RD<br>6TH FLOOR<br>SCHAUMBURG, IL  60173 | PAUL DEASY<br>PRESIDENT<br><br>PHONE: 847-318-8000<br>EMAIL: PAUL.DEASY@CRDX.COM | TRADE PAYABLE | | | | $327,691 |
| 15 SHALE RAIL, LLC<br>201 LACKAWANNA AVE<br>SUITE 301<br>SCRANTON, PA  18503 | THOMAS COLEMAN<br>VICE PRESIDENT - BUSINESS DEVELOPMENT<br><br>PHONE: 570-963-0717<br>FAX: 570-963-5755<br>EMAIL:<br>T_COLEMAN@SHALERAIL.COM | TRADE PAYABLE | | | | $306,345 |
| 16 PUCKETT MACHINERY COMPANY<br>100 CATERPILLAR DRIVE<br>FLOWOOD, MS  39232 | HASTINGS PUCKETT<br>PRESIDENT<br><br>PHONE: 601-969-6000<br>EMAIL:<br>HASTINGS.PUCKETT@PUCKETTMACHINERY.COM | TRADE PAYABLE | | | | $260,029 |
| 17 UNION PACIFIC RAILROAD COMPANY<br>1400 DOUGLAS STREET<br>OMAHA, NE  68179 | LANCE M. FRITZ<br>CHAIRMAN, PRESIDENT AND CHIEF EXECUTIVE OFFICER<br><br>PHONE: 402-544-5000<br>EMAIL: LFRITZ@UP.COM | TRADE PAYABLE | | | | $160,260 |
| 18 STORAGE & TRANSFER TECHNOLOGIES, INC.<br>8485 PARKHILL DRIVE<br>MILTON, ON  L9T 5E9<br>CANADA | JOHN WILBY<br>CHIEF FINANCIAL OFFICER<br><br>PHONE: 905-693-9301<br>EMAIL:<br>JWILBY@STTENVIROCORP.COM | TRADE PAYABLE | | | | $141,910 |

Debtor  SHALE SUPPORT HOLDINGS, LLC, et al.                                     Case Number (if known) _____
    Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | RAIL LOGIX LACASSINE, LLC<br>3330 S. SAM HOUSTON PARKWAY E.<br>HOUSTON, TX  77047 | MICHAEL J. PLANK<br>CHAIRMAN AND CHIEF EXECUTIVE OFFICER<br><br>PHONE: 713-962-3200<br>EMAIL: MPLANK@RAIL-LOGIX.COM | TRADE PAYABLE | | | | $139,485 |
| 20 | INDUSTRIAL ACCESSORIES COMPANY<br>4800 LAMAR AVE<br>MISSION, KS  66202 | GLENN A. SMITH, JR.<br><br>PHONE: 913-384-5511<br>FAX: 913-384-6577<br>EMAIL: GSMITH@IAC-INTL.COM | TRADE PAYABLE | | | | $132,804 |
| 21 | LYLE MACHINERY<br>650 HIGHWAY 49 SOUTH<br>RICHLAND, MS  39218 | DANIEL LYLE<br>PRESIDENT<br><br>PHONE: 601-939-4000<br>FAX: 601-939-8440<br>EMAIL:<br>DLYLE@LYLEMACHINERY.COM | TRADE PAYABLE | | | | $121,554 |
| 22 | COAST ELECTRIC POWER ASSOCIATION<br>ROBERT J. OCCHI HEADQUARTERS BUILDING<br>18020 HWY. 603<br>KILN, MS  39556 | RON BARNES<br>PRESIDENT AND CHIEF EXECUTIVE OFFICER<br><br>PHONE: 228-363-7000<br>EMAIL:<br>RONBARNES@COASTEPA.COM | TRADE PAYABLE | | | | $112,486 |
| 23 | CONVEYING & SCREENING MACHINERY, LLC<br>46391 HWY 16<br>PINE GROVE, LA  70453 | DUKE MINTON<br>PRESIDENT<br><br>PHONE: 225-777-3490<br>EMAIL:<br>DUKE@CONVEYINGANDSCREENING.COM | TRADE PAYABLE | | | | $99,937 |
| 24 | BLUE CROSS BLUE SHIELD<br>225 NORTH MICHIGAN AVE.<br>CHICAGO, IL  60601 | SCOTT SEROTA<br>PRESIDENT AND CHIEF EXECUTIVE OFFICER<br><br>PHONE: 202-942-1082<br>EMAIL: PRESS@BCBSA.COM | TRADE PAYABLE | | | | $85,731 |
| 25 | LUMPKIN REPAIR SERVICE<br>16 R N LUMPKIN LN<br>CARRIERE, MS  39426 | CHRIS LUMPKIN<br>MANAGING MEMBER<br><br>PHONE: 601-798-2027<br>FAX: 601-798-2737 | TRADE PAYABLE | | | | $83,694 |
| 26 | OPPORTUNE, LLP<br>711 LOUISIANA ST<br>STE 3100<br>HOUSTON, TX  77002 | JOSH SHERMAN<br>PARTNER<br><br>PHONE: 713-490-5050<br>EMAIL:<br>JSHERMAN@OPPORTUNE.COM | TRADE PAYABLE | | | | $73,197 |
| 27 | NEW ORLEANS PUBLIC RAILROAD CORPORATION<br>4822 TCHOUPITOULAS ST<br>NEW ORLEANS, LA  70115 | BRANDY CHRISTIAN<br>CHIEF EXECUTIVE OFFICER<br><br>PHONE: 504-896-7409<br>EMAIL:<br>BRANDY.CHRISTIAN@PORTNOLA.COM | TRADE PAYABLE | | | | $72,724 |

Debtor   SHALE SUPPORT HOLDINGS, LLC, et al.                    Case Number (if known) _____
        Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 | PEARCE PUMP SUPPLY, INC. 16161 AIRLINE HIGHWAY PRAIRIEVILLE, LA 70769 | CHARLES WALKER OWNER PHONE: 225-673-6188 FAX: 225-673-8106 EMAIL: CWALKER@PEARCEUSA.COM | TRADE PAYABLE | | | | $63,083 |
| 29 | PATRIOT CONSTRUCTION & INDUSTRIAL, LLC 1026 TOBY MOUTON RD DUSON, LA 70529 | BEN LEBLANC CHIEF EXECUTIVE OFFICER PHONE: 337-935-6314 FAX: 866-796-4178 EMAIL: HR@PATRIOT-CONSTRUCTION.COM | TRADE PAYABLE | | | | $60,000 |
| 30 | GADSDEN INDUSTRIAL PARK, LLC 174 SOUTH 26TH STREET GADSDEN, AL 35904 | WANDA GIPSON PHONE: 256-543-1960 EMAIL: WGIPSON@GADSDENINDUSTRIALPARK.COM | TRADE PAYABLE | | | | $57,072 |
| 31 | ACTION TESTING LABS 161 KENMORE AVENUE BILOXI, MS 39531 | LELAND CREEL PRINCIPAL PHONE: 228-229-2946 | TRADE PAYABLE | | | | $48,387 |
| 32 | HRL CONTRACTING 311 ACORN LANE PICAYUNE, MS 39466 | HENSLEY R. LEE PRESIDENT PHONE: (601) 799-1335 FAX: (601) 799-1336 EMAIL: HENSLEY@HRLCONTRACTING.COM | TRADE PAYABLE | | | | $46,625 |
| 33 | HYDRO TUBE ON, LLC 15227 BIG JOHN ROAD BILOXI, MS 39532 | MURRAY MORAN PRINCIPAL PHONE: 228-348-1264 | TRADE PAYABLE | | | | $45,524 |
| 34 | RACCA SOLUTIONS GROUP 6700 WOODLANDS PKWY, STE 230-254 THE WOODLANDS, TX 77382 | STACY RACCA PRESIDENT PHONE: 832-509-5744 FAX: 832-509-3224 EMAIL: STACY.RACCA@RACCASOLUTIONS.COM | TRADE PAYABLE | | | | $44,093 |
| 35 | UNITED RENTALS 100 FIRST STAMFORD PLACE, SUITE 700 STAMFORD, CT 06902 | TED GRACE VICE PRESIDENT, INVESTOR RELATIONS PHONE: 203-618-7122 EMAIL: TGRACE@UR.COM | TRADE PAYABLE | | | | $41,026 |

Debtor  SHALE SUPPORT HOLDINGS, LLC, et al.                                    Case Number (if known)
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 36 CATERPILLAR FINANCIAL SERVICES CORP 2120 WEST END AVENUE NASHVILLE, TN 37203 | RAMSEY JAMES CUSTOMER SOLUTIONS MANAGER PHONE: 800-651-0567 EMAIL: RAMSEY.JAMES@CAT.COM | TRADE PAYABLE | | | | $40,554 |
| 37 HYDRA WORKS, LLC 60185 CAMP VILLERE RD SLIDELL, LA 70460 | GENE BOURGEOIS OWNER PHONE: 985-645-8726 FAX: 985-645-8678 | TRADE PAYABLE | | | | $38,113 |
| 38 RAVEN CREATIVE, LLC EEPB, PC ATTN: RYAN KELTING 2950 NORTH LOOP WEST SUITE 1200 HOUSTON, TX 77092 | C/O RYAN KELTING PHONE: 832-913-5771 EMAIL: RYAN.KELTING@EEPB.COM | TRADE PAYABLE | | | | $37,375 |
| 39 PRAIRIE TRANSPORTATION 110 E MAIN STREET #320 OTTAWA, IL 61350 | ROBERT SMITH PRESIDENT PHONE: 800-929-8003 FAX: 815-433-0531 EMAIL: BOB.SMITH@PRAIRIETRANS.COM | TRADE PAYABLE | | | | $37,137 |
| 40 PLANT MATERIALS, LLC C/O GUNN, LEE & CAVE, P.C. 8023 VANTAGE DRIVE SUITE 1500 SAN ANTONIO, TX 78230 | TED D. LEE & NICK GUINN COUNSEL PHONE: 210-866-9500 FAX: 210-886-9883 EMAIL: TEDLEE@GUNN-LEE.COM NICKGUINN@GUNN-LEE.COM | ARBITRATION | CONTINGENT UNLIQUIDATED DISPUTED | | | UNDETERMINED |

<table>
<tr><td colspan="3"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor Name | SHALE SUPPORT GLOBAL HOLDINGS, LLC |
| United States Bankruptcy Court for the: | Southern _____ District of Texas _____ <br> (State) |
| Case number (If known): | _____ |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule _____*

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration _____ Attachment to Voluntary Petition for Non-Individual Filing for Bankruptcy Under Chapter 11, Corporate Ownership Statement and Listing of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/11/2019    ✘ */s/ Gary Barton* _____
         MM / DD / YYYY      Signature of individual signing on behalf of debtor

                  Gary Barton _____
                  Printed name

                  Chief Restructuring Officer _____
                  Position or relationship to debtor

## OMNIBUS RESOLUTIONS

The undersigned, being the board of directors, board of managers, sole member, or board of members, as applicable (each, the "Governing Body"), of the applicable entity set forth on Annex A attached hereto (each, a "Company" and collectively, the "Companies"), hereby take the following actions and adopt the following resolutions, pursuant to (as applicable) the bylaws, limited liability company agreement, or similar document (in each case as amended or amended and restated to date) of each Company (the "Governing Document") and the laws of the state:

## CHAPTER 11 FILING

**WHEREAS**, each Governing Body considered presentations by each Company's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

**WHEREAS**, each Governing Body discussed the foregoing with the Management and the Advisors and has determined, in the judgment of each Governing Body, that the following is in the best interests of each Company, its creditors, and other parties in interest, after fully considering each of the strategic alternatives available to each Company;

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company, its creditors, and other parties in interest, that each Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas or other court of competent jurisdiction (the "Bankruptcy Court"); and

**RESOLVED**, that the Chief Executive Officer, Chief Financial Officer, CRO (as defined below), General Counsel, President, any Executive Vice President, any Senior Vice President, any Vice President, or any other duly appointed officer of each Company (collectively, the "Authorized Officers"), acting alone or with one or more other authorized Officers, be and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of each Company's business.

## APPOINTMENT OF CHIEF RESTRUCTURING OFFICER

**RESOLVED**, that, effective as of June 26, 2019, Gary Barton shall be and hereby is appointed as the Companies' chief restructuring officer ("CRO") with the CRO serving as an officer of the Companies reporting to the boards of directors (including on all aspects of the Chapter 11 Cases), with full power to call meetings of the boards of directors and to establish agendas for such meetings, and with the direction or authorization of the boards of directors to,

among other actions that would be customary for one serving in the capacity of a chief restructuring officer. In particular, and as set forth in more detail in the June 26, 2019 letter agreement between Alvarez & Marsal and the Companies, the CRO is authorized to (a) construct a budget, review disbursements, and create variance reports, (b) assist the Companies' management with all issues related to executing a restructuring, (c) provide court testimony as required, (d) assist with managing vendor relationships, (e) create employee retention plans, (f) work with the Companies' counsel, investment bank and financial advisor to optimize capital structure and assess strategic alternatives, and (g) provide other related services as requested by the Companies.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Greenberg Traurig, LLP, as each Company's counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of each Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Greenberg Traurig, LLP in accordance with applicable law.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Alvarez & Marsal ("Alvarez"), as each Company's financial advisor, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Alvarez in accordance with applicable law;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Piper Jaffray & Co. ("Piper"), as each Company's investment banker, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Piper in accordance with applicable law;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Donlin, Recano & Company, Inc. ("Donlin"), as notice, claims, and balloting agent and as administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Donlin in accordance with applicable law;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, investment bankers, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, appropriate, or desirable in connection with each Company's chapter 11 case.

## GENERAL

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions adopted herein;

**RESOLVED**, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents of each Company, or hereby waives any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Governing Body;

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) and each other partner, member, or managing member of each direct subsidiary of each Company, be and hereby is authorized and empowered to take all actions or to not take any action in the name of and on behalf of each Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of each Company, in each case, as such Authorized Officer shall deem necessary, appropriate, or desirable in such Authorized Officer's reasonable business judgment as may be

3

necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein; and

RESOLVED, that this written consent may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one document, and that a facsimile or other electronic copy of written consent shall be deemed an original and any person may rely upon a facsimile or other electronic copy of this written consent in determining the validity of the actions taken by each Governing Body hereunder.

4

ANNEX A

| COMPANY | JURISDICTION |
|---|---|
| Shale Support Global Holdings, LLC | Delaware |
| Shale Support Holdings, LLC | Delaware |
| Stanton Rail Yard, LLC | Texas |
| Southton Rail Yard, LLC | Louisiana |
| Drying Facility Assets Holding, LLC | Delaware |
| Shale Energy Support, LLC | Delaware |
| Mine Assets Holding, LLC, | Delaware |
| Wet Mine Assets Holding, LLC | Delaware |

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**SHALE SUPPORT GLOBAL HOLDINGS, LLC**,
a Delaware limited liability company.

By: _____
Name:  Jeffery B. Bartlam
Title: Manager

By: _____
Name:  Stephen Kevin Bowen
Title: Manager

By: _____
Name:  Michel Moreno
Title: Manager

6

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**SHALE SUPPORT GLOBAL HOLDINGS, LLC,**
a Delaware limited liability company.

By: _____
    Name:  Jeffery B. Bartlam
    Title: Manager

By: _____
    Name:  Stephen Kevin Bowen
    Title: Manager

By: _____
    Name:  Michel Moreno
    Title: Manager

6

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**STANTON RAIL YARD, LLC**,
a Delaware limited liability company

By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
Its: Manager

By: _____
Name: Jeffrey B. Bartlam
Title: Manager

By: _____
Name:  Stephen Kevin Bowen
Title: Manager


By: _____
Name:  Michel Moreno
Title: Manager

7

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**STANTON RAIL YARD, LLC,**
a Delaware limited liability company

By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
  Its: Manager

By: _____
    Name:  Jeffrey B. Bartlam
    Title: Manager

By: _____
    Name:  Stephen Kevin Bowen
    Title: Manager

By: _____
    Name:  Michel Moreno
    Title: Manager

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**SHALE SUPPORT HOLDINGS, LLC**,
a Delaware limited liability company

By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
  Its: Manager


By: _____
    Name: Jeffrey B. Bartlam
    Title: Manager

By: _____
    Name:  Stephen Kevin Bowen
    Title: Manager


By: _____
    Name:  Michel Moreno
    Title: Manager

8

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**SHALE SUPPORT HOLDINGS, LLC**,
a Delaware limited liability company

By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
   Its: Manager


By: _____
   Name:  Jeffrey B. Bartlam
   Title: Manager


By: _____
   Name:  Stephen Kevin Bowen
   Title: Manager


By: _____
   Name:  Michel Moreno
   Title: Manager

8

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**SHALE ENERGY SUPPORT, LLC**,
a Delaware limited liability company

By: SHALE SUPPORT HOLDINGS, LLC
  Its: Sole Member/ Manager

  By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
    Its: Manager

  By: _____
    Name: Jeffrey B. Bartlam
    Title: Manager

  By: _____
    Name:  Stephen Kevin Bowen
    Title: Manager

  By: _____
    Name:  Michel Moreno
    Title: Manager

9

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**SHALE ENERGY SUPPORT, LLC,**
a Delaware limited liability company

By: SHALE SUPPORT HOLDINGS, LLC
  Its: Sole Member/ Manager

  By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
    Its: Manager

    By: _____
        Name: Jeffrey B. Bartlam
        Title: Manager

    By: _____
        Name:  Stephen Kevin Bowen
        Title: Manager

    By: _____
        Name:  Michel Moreno
        Title: Manager

9

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**SOUTHTON RAIL YARD, L.L.C.,**
a Louisiana limited liability company

By: SHALE SUPPORT HOLDINGS, LLC
  Its: Sole Member/Manager

  By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
    Its: Manager

By: _____
   Name: Jeffrey B. Bartlam
   Title: Manager

By: _____
   Name: Stephen Kevin Bowen
   Title: Manager

By: _____
   Name: Michel Moreno
   Title: Manager

10

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**SOUTHTON RAIL YARD, L.L.C.,**
a Louisiana limited liability company

By: SHALE SUPPORT HOLDINGS, LLC
  Its: Sole Member/Manager

  By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
  Its: Manager

    By: _____
      Name: Jeffrey B. Bartlam
      Title: Manager

    By: _____
      Name:  Stephen Kevin Bowen
      Title: Manager

    By: _____
      Name:  Michel Moreno
      Title: Manager

10

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this

instrument, effective as of July 10, 2019.

**WET MINE ASSETS HOLDING, LLC**,
a Delaware limited liability company

By: SHALE SUPPORT HOLDINGS, LLC
  Its: Sole Member/ Manager

    By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
    Its: Manager

  By: _____
    Name: Jeffrey B. Bartlam
    Title: Manager

  By: _____
    Name:  Stephen Kevin Bowen
    Title: Manager

  By: _____
    Name:  Michel Moreno
    Title: Manager

11

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**WET MINE ASSETS HOLDING, LLC,**
a Delaware limited liability company

By: SHALE SUPPORT HOLDINGS, LLC
   Its: Sole Member/ Manager

  By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
    Its: Manager

    By: _____
       Name: Jeffrey B. Bartlam
       Title: Manager

    By: _____
       Name: Stephen Kevin Bowen
       Title: Manager

    By: _____
       Name: Michel Moreno
       Title: Manager

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**DRYING FACILITY ASSETS HOLDING, LLC**,
a Delaware limited liability company

By: SHALE SUPPORT HOLDINGS, LLC
  Its: Sole Member/ Manager

    By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
    Its: Manager

    By: _____
      Name: Jeffrey B. Bartlam
      Title: Manager

    By: _____
      Name:  Stephen Kevin Bowen
      Title: Manager

    By: _____
      Name:  Michel Moreno
      Title: Manager

12

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**DRYING FACILITY ASSETS HOLDING, LLC,**
a Delaware limited liability company

By: SHALE SUPPORT HOLDINGS, LLC
   Its: Sole Member/ Manager

  By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
    Its: Manager

    By: _____
       Name: Jeffrey B. Bartlam
       Title: Manager

    By: _____
       Name:  Stephen Kevin Bowen
       Title: Manager

    By: _____
       Name:  Michel Moreno
       Title: Manager

12

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**MINE ASSETS HOLDING, LLC**,
a Delaware limited liability company

By: SHALE SUPPORT HOLDINGS, LLC
  Its: Sole Member/Manager

  By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
    Its: Manager

  By: _____
    Name: Jeffrey B. Bartlam
    Title: Manager

  By: _____
    Name:  Stephen Kevin Bowen
    Title: Manager

  By: _____
    Name:  Michel Moreno
    Title: Manager

13

AND WITNESS WHEREOF, the undersigned, severally has executed and delivered this instrument, effective as of July 10, 2019.

**MINE ASSETS HOLDING, LLC**,
a Delaware limited liability company

By: SHALE SUPPORT HOLDINGS, LLC
  Its: Sole Member/Manager

  By: SHALE SUPPORT GLOBAL HOLDINGS, LLC
    Its: Manager

    By: _____
      Name: Jeffrey B. Bartlam
      Title: Manager

    By: _____
      Name:  Stephen Kevin Bowen
      Title: Manager

    By: _____
      Name:  Michel Moreno
      Title: Manager

13