

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
09/18/2019

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| SHALE SUPPORT GLOBAL HOLDINGS, LLC, *et al.*,[1] | § § § | Case No. 19-33884 (DRJ) |
| | § | (Joint Administration) |
| Debtors. | § § | |
| | § | **RE: Docket No. 309** |

**ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT,**
**(II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES FOR**
**CONFIRMATION OF THE DEBTORS' PLAN OF REORGANIZATION,**
**(III) APPROVING BALLOT AND NOTICE FORMS IN CONNECTION THEREWITH,**
**(IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO,**
**AND (V) GRANTING RELATED RELIEF**

This matter coming before this Court upon the motion (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an (this "Order"), pursuant to sections 105, 363, 1125, 1126, and 1128 of of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1 and 3016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), (i) approving the adequacy of the Disclosure Statement, (ii) approving the solicitation and notice procedures with respect to confirmation of the Plan, (iii) approving the forms of Ballots and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879). The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354. For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

notices in connection therewith, (iv) scheduling certain dates with respect thereto, and (vi) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Any objections that have not been resolved are hereby **OVERRULED** | Subject to the agreed modifications announced on the record, | or withdrawn for the purposes of approval of the Disclosure Statement, with all rights reserved as to any confirmation issues.

2

## I.      Approval of the Disclosure Statement

3.      The Disclosure Statement$^{\text{as amended on the record}}$ is hereby approved as providing holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

4.      The Disclosure Statement $^{\text{as amended on the record}}$(including all applicable exhibits thereto) provides holders of Claims, holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).  The Debtors will file a conforming copy of the Disclosure Statement

## II.     Approval of the Solicitation and Voting Procedures

5.      The Debtors shall solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Schedule 1**, which are hereby approved in their entirety.

## III.    Approval of the Materials and Timeline for Soliciting Votes and the Procedures for Confirming the Plan

### A.      Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement

6.      The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes on the Plan and confirming the Plan (all times prevailing Central Time):

| Event | Date |
|---|---|
| Disclosure Statement Objection Deadline | September 16, 2019, at 4:00 p.m., prevailing Central Time |
| Voting Record Date | September 16, 2019 |
| Disclosure Statement Hearing | September 18, 2019, at 10:00 a.m., prevailing Central Time |
| Solicitation Deadline | September 23, 2019 |

3

| Event | Date |
|-------|------|
| Publication Deadline | Prior to, on, or as reasonably practicable after, September 23, 2019 |
| Plan Supplement Filing and Notice Deadline | October 16, 2019 |
| Assumption/Rejection Notice Deadline | October 18, 2019 |
| Voting Deadline | October 21, 2019, at 4:00 p.m., prevailing Central Time |
| Plan Objection Deadline | October 21, 2019, at 4:00 p.m., prevailing Central Time |
| Deadline to File Confirmation Brief | October 25, 2019, at 4:00 p.m., prevailing Central Time |
| Deadline to File Voting Report | October 25, 2019, at 4:00 p.m., prevailing Central Time |
| Assumption/Cure Objection Deadline | October 25, 2019, at 4:00 p.m., prevailing Central Time |
| Confirmation Hearing Date | October 29, 2019, at 9:00 a.m., prevailing Central Time |

**B.     Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan**

7.     In addition to the Disclosure Statement and exhibits thereto, including the Plan and this Order (without exhibits, except the Solicitation Procedures), the Solicitation Packages to be transmitted on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter, to those holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.     an appropriate form of Ballot attached hereto as **Schedules 2A**, **2B**, and **2C**, respectively, for each Voting Class in which such holder holds a Claim;[3]

---

[3] The Debtors will make every reasonable effort to ensure that any holder of a Claim or Interest who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim or Interest and with respect to that Class or Sub-Class.

4

b.      the Cover Letter attached hereto as **Schedule 6**;

c.      the Confirmation Hearing Notice attached hereto as **Schedule 7**; and

d.      the statement of the Official Committee of Unsecured Creditors of Shale Support Global Holdings, LLC, *et al.* (the "Committee Statement") attached hereto as **Schedule 11**.

8.      The Solicitation Packages provide the holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Bankruptcy Local Rules.

9.      The Debtors shall distribute Solicitation Packages to all holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

10.     The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and this Order to holders of Claims entitled to vote on the Plan in electronic format *(i.e.*, on a CD-ROM or flash drive).  The Ballots, Cover Letter, the Confirmation Hearing Notice, and Committee Statement need ***only*** be provided in paper form.  On or before the Solicitation Deadline, or as soon as reasonably practicable thereafter, the Debtors shall provide (a) complete Solicitation Packages (but excluding ballots) to the U.S. Trustee and (b) the Order (in electronic format) and the Confirmation Hearing Notice to all parties on the 2002 List as of the Voting Record Date.

11.     Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Notice and Claims Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

*ACTIVE 45847147v1*

12.     The Notice and Claims Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by holders of Claims against the Debtors, (c) responding to inquiries from holders of Claims or Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors regarding the Plan.

13.     All votes to accept or reject the Plan must be cast by using the appropriate Ballot. All Ballots must be properly executed, completed, and delivered according to their applicable voting instructions by: (a) first class mail; (b) overnight delivery; (c) personal delivery; or (d) via electronic mail (in PDF or other standard format), so that the Ballots are _actually received_ by the Notice and Claims Agent no later than the Voting Deadline at the return address set forth in the applicable Ballot.

### C.     Approval of the Confirmation Hearing Notice

14.     The Confirmation Hearing Notice, in the form attached hereto as **Schedule 7**, constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.  The Debtors shall (i) file and serve the Confirmation Hearing Notice on or before September 23, 2019, and (ii) publish the Confirmation Hearing Notice (in a format modified for publication) prior to, on, or as reasonably practicable after September 23, 2019, on at least one occasion in the national edition of the _Wall Street Journal_,

the *Houston Chronicle*, in Houston, Texas, the *San Antonio Express-News*, in San Antonio, Texas, the *Midland Reporter-Telegram*, in Midland, Texas, the *Odessa American*, in Odessa, Texas, *The Times-Picayune / The New Orleans Advocate*, in New Orleans, Louisiana, *The Acadiana Advocate*, in Lafayette, Louisiana, *The Daily Advertiser*, in Lafayette, Louisiana, the *Picayune Item*, in Picayune, Mississippi, and any such other local publications, in English or translated, that the Debtors deem appropriate and disclose in their affidavit of service

### D.    Approval of Notice of Filing of the Plan Supplement

15.    The Debtors shall send notice of the filing of the Plan Supplement, which shall be filed and served on the date the Plan Supplement is filed (or such later date as may be approved by the Court on notice to parties in interest in the Chapter 11 Cases), substantially in the form attached hereto as **Schedule 8**.

### E.    Approval of the Form of Notices to Non-Voting Classes

16.    Except to the extent that the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to holders of Claims or Interests in Non-Voting Classes, as such holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter, the Notice and Claims Agent shall mail a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

| Class(es) | Status | Treatment |
|---|---|---|
| 1, 2, 3 | Unimpaired—Deemed to Accept | Will receive a notice, substantially in the form attached hereto as **Schedule 3**, in lieu of a Solicitation Package. |
| 9, 10 | Impaired—Deemed to Reject | Will receive a notice, substantially in the form attached hereto as **Schedule 4**, in lieu of a Solicitation Package |
| N/A | Disputed Claims | Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their Claim.  As such, holders of such Claims |

7

| Class(es) | Status | Treatment |
|-----------|--------|-----------|
|  |  | will receive a notice, substantially in the form attached hereto as **Schedule 5** (which notice shall be served together with such objection). |

17.     The Debtors are not required to provide the holders of Class 7 Intercompany Claims and Class 8 Interests in Subsidiary Debtors with a Solicitation Package or any other type of notice in connection with solicitation.

18.     The Debtors are not required to mail Solicitation Packages or other solicitation materials to: (a) holders of Claims that have already been paid in full during the Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

**F.     Approval of Notices to Contract and Lease Counterparties**

19.     The Debtors shall mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding cure amounts), in the forms attached hereto as **Schedule 9** and **Schedule 10**, to the applicable counterparties to the Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), no later than October 18, 2019.

**G.     Approval of the Procedures for Filing Objections to the Plan**

20.     Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order.  Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, ***must***:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Bankruptcy Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan

8

(or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties identified in the Confirmation Hearing Notice, so as to be <u>actually received</u> on or before the Plan Objection Deadline.

## IV.   Miscellaneous

21.    The Debtors reserve the right to modify the Plan, in accordance with the terms thereof, without further order of the Court in accordance with Article X of the Plan, including the right to withdraw the Plan as to an individual Debtor at any time before the Confirmation Date.

22.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim or interest after the Voting Record Date.

23.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

25.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

26.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

27.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

28.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*ACTIVE 45847147v1*

**Signed:  September 18, 2019.**

_____

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

ACTIVE 45847147v1

## **SCHEDULE 1**

**Form of Solicitation and Voting Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, | § | Case No. 19-33884 (DRJ) |
| LLC, *et al.*,[1] | § | |
| | § | (Joint Administration) |
| Debtors. | § | |
| | § | |

## SOLICITATION AND VOTING PROCEDURES

**PLEASE TAKE NOTICE THAT** on [●], 2019, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order"): (a) authorizing Shale Support Global Holdings, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan" );[2] (b) approving the *Amended Disclosure Statement Relating to the Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

### A.    The Voting Record Date

The Court has established **September 16, 2019,** as the record date for purposes of determining which holders of Claims in Class 4 (Secured Term Loan Claims), Class 5 (Unsecured Convenience Class Claims), and Class 6 (General Unsecured Claims) are entitled to vote on the Plan (the "Voting Record Date").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879).  The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354.  For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

[2]    Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plan or the Disclosure Statement Order.

B. **The Voting Deadline**

The Court has established **October 21, 2019, at 4:00 p.m.** (prevailing Central Time) as the voting deadline (the "Voting Deadline") for the Plan. The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court. To be counted as votes to accept or reject the Plan, all Class 4 ballots (the "Class 4 Ballots"), Class 5 ballots (the "Class 5 Ballots"), and Class 6 ballots (the "Class 6 Ballots") (collectively, the "Ballots") must be properly executed, completed, and delivered by: (1) first class mail; (2) overnight courier; (3) personal delivery; or (4) electronic mail (in PDF or other standard format), so that they are **_actually received_**, in any case, no later than the Voting Deadline by Donlin, Recano & Company, Inc. (the "Notice and Claims Agent"). All Ballots should be sent to: (1) if by mail, Donlin, Recano & Company, Inc., Re: Shale Support Global Holdings, LLC, et al., P.O. Box 199043 Blythebourne Station, Brooklyn, New York 11219; (2) if by hand delivery or overnight courier, Donlin, Recano & Company, Inc., Re: Shale Support Global Holdings, LLC, et al., 6201 15th Avenue, Brooklyn, New York 11219]; or (3) if via electronic mail, SSGHBallots@DonlinRecano.com.[3] Delivery of a Ballot to the Notice and Claims Agent by facsimile shall not be valid.

C. **Form, Content, and Manner of Notices**

1. **The Solicitation Package**

The following materials shall constitute the solicitation package (the "Solicitation Package"):

> a. a copy of these Solicitation and Voting Procedures;
>
> b. the _Notice of Hearing to Consider Confirmation of the Chapter 11 Plan Filed by the Debtors and Related Voting and Objection Procedures_, in substantially the form annexed as Schedule 7 to the Disclosure Statement Order (the "Confirmation Hearing Notice");
>
> c. a cover letter, in substantially the form annexed as Schedule 6 to the Disclosure Statement Order, describing the contents of the Solicitation Package and urging the holders of Claims in each of the Voting Classes to vote to accept the Plan;
>
> d. a statement of the Official Committee of Unsecured Creditors of Shale Support Global Holdings, LLC, _et al._, in substantially in the form annexed as Schedule 11 to the Disclosure Statement Order;

---

[3] For any Ballot cast via electronic mail, the format of the attachment must be found in the common workplace and industry standard format (_i.e._, industry-standard PDF file) and the received date and time in the Notice and Claims Agent's inbox will be used as the timestamp for receipt

_ACTIVE 45847147v1_

e.      the applicable form of Ballot for each Voting Class in which such holder holds a Claim or Interest, in substantially the form of the Ballots annexed as Schedule 2 to the Disclosure Statement Order, as applicable;

f.      the approved Disclosure Statement (and exhibits thereto, including the Plan); and

g.      any additional documents that the Court has ordered to be made available.

## 2.      Distribution of the Solicitation Package

The Solicitation Package shall provide the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits except the Solicitation Procedures) in electronic format (i.e., CD-ROM or flash drive format), and all other contents of the Solicitation Package, including Ballots, shall be provided in paper format.  Any party that received Solicitation Package materials in electronic format and desires paper copies, or needs to obtain additional Solicitation Packages, may obtain them (a) at the Debtors' expense by (i) calling the Notice and Claims Agent at 866-296-8019 (toll free) or 212-771-1128 (international); (ii) visiting the Debtors' restructuring website at:  https://www.donlinrecano.com/ssgh; (iii) writing to the Notice and Claims Agent at Donlin Recano & Company, Inc. Re: Shale Support Global Holdings, LLC, et al., P.O. Box 199043 Blythebourne Station, Brooklyn, New York 11219; and/or (iv) emailing SSGHBallots@DonlinRecano.com; or (b) for a fee via PACER at http://www.txs.uscourts.gov.

The Debtors shall serve, or cause to be served, (a) all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and (b) the Disclosure Statement Order (in electronic format) and the Confirmation Hearing Notice to all parties required to be notified under Bankruptcy Rule 2002 and Bankruptcy Local Rule 2002-1 (the "2002 List") as of the Voting Record Date.  In addition, the Debtors shall mail, or cause to be mailed, the Solicitation Package to all holders of Claims in the Voting Classes on or before **September 23, 2019**, who are entitled to vote, as described in section D below.

To avoid duplication and reduce expenses, the Debtors will make every reasonable effort to ensure that any holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

## 3.      Resolution of Disputed Claims for Voting Purposes; Resolution Event

a.      Absent a further order of the Court, the holder of a Claim in a Voting Class that is the subject of a pending objection on a "reduce and allow" basis shall be entitled to vote such Claim in the reduced amount contained in such objection.

b.      If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court on or prior to seven days before the Voting Deadline:  (i) the Debtors shall cause the applicable

3

holder to be served with a Disputed Claim Notice substantially in the form annexed as <u>Schedule 5</u> to the Disclosure Statement Order (which notice shall be served together with such objection); and (ii) the applicable holder shall not be entitled to vote to accept or reject the Plan on account of such claim unless a Resolution Event (as defined herein) occurs as provided herein.

c.    If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court less than seven days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the holder of such Claim and without further order of the Court, unless the Court orders otherwise.

d.    A "<u>Resolution Event</u>" means the occurrence of one or more of the following events no later than two business days prior to the Voting Deadline:

    i.    an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

    ii.    an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

    iii.    a stipulation or other agreement is executed between the holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount; or

    iv.    the pending objection is voluntarily withdrawn by the objecting party.

e.    No later than one business day following the occurrence of a Resolution Event, the Debtors shall cause the Notice and Claims Agent to distribute via email, hand delivery, or overnight courier service a Solicitation Package to the relevant holder to the extent such holder has not already received a Solicitation Package containing an appropriate form of Ballot.

**4.**    <u>**Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan**</u>

a.    Holders of Claims that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code, or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, will receive only the *Non-Voting Status Notice for Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as <u>Schedule 3</u> to the Disclosure Statement Order. Such notice will instruct these holders as to how they may obtain

4

copies of the documents contained in the Solicitation Package (*excluding* Ballots), as well as how they may opt out of the Third Party Release provided by the Plan.

b.      Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Non-Voting Status Notice to Holders of Impaired Claims or Interests Deemed to Reject the Plan*, substantially in the form annexed as <u>Schedule 4</u> to the Disclosure Statement Order. Such notice will instruct these holders as to how they may obtain copies of the documents contained in the Solicitation Package (*excluding* Ballots), as well as how they may opt out of the Third Party Release provided by the Plan.

c.      Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their claims and will receive the *Non-Voting Status Notice With Respect to Disputed Claims*, substantially in the form annexed as <u>Schedule 5</u> to the Disclosure Statement Order. Such notice will instruct these holders as to how they may obtain copies of the documents contained in the Solicitation Package (*excluding* Ballots), as well as how they may opt out of the Third Party Release provided by the Plan (to the extent their Claim is Allowed).

### 5.      Notices in Respect of Executory Contracts and Unexpired Leases

Counterparties to Executory Contracts and Unexpired Leases that receive an *Assumption Notice* or a *Rejection Notice*, substantially in the forms attached as <u>Schedule 9</u> and <u>Schedule 10</u> to the Disclosure Statement Order, respectively, may file an objection to the Debtors' proposed assumption, rejection, and/or cure amount, as applicable. Such objections must be filed with the Court (contemporaneously with a proof of service) upon the applicable notice parties (as set forth in the *Assumption Notice* and *Rejection Notice*), so as to be **actually received** by <u>**October 25, 2019, at 4:00 p.m.**</u> prevailing Central Time.

### D.      Voting and Tabulation Procedures

### 1.      Holders of Claims Entitled to Vote

Only the following holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a.      holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court at least seven days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such

5

Claim in the reduced amount contained in such objection absent a further order of the Court;

b.      holders of Claims that are listed in the Schedules; *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amount of $1.00;

c.      holders whose Claims arise (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court, (ii) in an order entered by the Court, or (iii) in a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

d.      holders of any Disputed Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e.      the assignee of any Claim that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (d) above; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

## 2.    <u>Establishing Claim Amounts for Voting Purposes</u>.

**<u>Class 4 Claims</u>**.  The Claims amount of Class 4 Claims for voting purposes only will be established based on the amount of the applicable positions held by such Class 4 Claim holder, as of the Voting Record Date, as evidenced by (a) the Debtors' applicable books and records and (b) the list of record holders maintained by the Term Loan Agent and dated as of the Voting Record Date (the "<u>Voting Record Date Lender List</u>").

**<u>Class 5 Claims</u>**.  The Claims amount of Class 5 Claims (including each Sub-Class within Class 6) for voting purposes only will be established based on the amount of the applicable positions held by such Class 5 Claim holder as of the Voting Record Date, as evidenced by (a) the Debtors' applicable books and records and (b) the claims register maintained in these chapter 11 cases.

**<u>Class 6 Claims</u>**.  The Claims amount of Class 6 Claims (including each Sub-Class within Class 6) for voting purposes only will be established based on the amount of the applicable positions held by such Class 6 Claim holder as of the Voting Record Date, as evidenced by (a) the Debtors' applicable books and records and (b) the claims register maintained in these chapter 11 cases.

**<u>Filed and Scheduled Claims</u>**.  The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  In tabulating

6

votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

i.    the Claim amount (1) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, (2) set forth in an order of the Court, or (3) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

ii.   the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under section C.3.d. of these Solicitation and Voting Procedures;

iii.  the Claim amount contained in a Proof of Claim that has been timely filed by the applicable Claims Bar Date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*, *however*, that any Ballot cast by a holder of a Claim who timely files a Proof of Claim in respect of (1) a contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Notice and Claims Agent) that is not the subject of an objection will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (2) a partially liquidated and partially unliquidated Claim, such Claim will be Allowed for voting purposes only in the liquidated amount; *provided further*, *however*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (i) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

iv.   the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely filed Proof of Claim); *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; *further provided*, however, that if the applicable Claims Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall vote at $1.00; and

v.    in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

7

**3.**      **Voting and Ballot Tabulation Procedures**.

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Local Rules:

a.      except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors, in their sole discretion, shall be entitled to reject such Ballot as invalid and, therefore, not count it in connection with Confirmation of the Plan;

b.      the Debtors will file with the Court by no later than October 25, 2019, at 4:00 p.m., prevailing Central Time, a voting report (the "Voting Report"). The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures, or lacking necessary information, received via facsimile, or damaged (collectively, in each case, the "Irregular Ballots"). The Voting Report shall indicate the Debtors' intentions with regard to each Irregular Ballot;

c.      the method of delivery of Ballots to be sent to the Notice and Claims Agent is at the election and risk of each holder. Except as otherwise provided, a Ballot will be deemed delivered only when the Notice and Claims Agent actually receives the properly executed Ballot;

d.      an executed Ballot is required to be submitted by the Entity submitting such Ballot. Subject to the other procedures and requirements herein, completed, executed Ballots may be submitted via electronic mail, in PDF format, to the Notice and Claims Agent via electronic mail at SSGHBallots@DonlinRecano.com. However, Ballots submitted by facsimile will not be valid;

e.      no Ballot should be sent to the Debtors, the Debtors' agents (other than the Notice and Claims Agent), the Debtors' financial or legal advisors, and if so sent will not be counted;

f.      if multiple Ballots are received from the same holder with respect to the same Claim or Interest prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

g.      holders must vote all of their Claims within a particular Class or Sub-Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be

8

counted.  Further, to the extent there are multiple Claims within the same Class or Sub-Class, the applicable Debtor may, in its discretion, aggregate the Claims of any particular holder within a Class or Sub-Class for the purpose of counting votes;

h. a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a holder of Claims must indicate such capacity when signing;

i. the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

j. neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

k. unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

l. in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

m. subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

n. if a Claim has been estimated or a Claim or Interest has otherwise been Allowed only for voting purposes by order of the Court, such Claim or Interest shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

o. if an objection to a Claim or Interest is filed, such Claim or Interest shall be treated in accordance with the procedures set forth herein;

p. the following Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient

9

information to permit the identification of the holder of such Claim or Interest; (ii) any Ballot cast by any Entity that does not hold a Claim or Interest in a Voting Class; (iii) any Ballot cast for a Claim or Interest scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any Ballot lacking an original signature (except Ballots submitted via electronic mail) or unsigned Ballot; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

q.      after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors;

r.      the Debtors are authorized to enter into stipulations with the holder of any Claim or Interest agreeing to the amount of a Claim or Interest for voting purposes;

s.      where any portion of a single Claim or Interest has been transferred to a transferee, all holders of any portion of such single Claim or Interest will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim or Interest collectively to accept or reject the Plan.  In the event that (i) a Ballot, (ii) a group of Ballots within a Voting Class received from a single creditor, or (iii) a group of Ballots received from the various holders of multiple portions of a single Claim or Interest partially reject and partially accept the Plan, such Ballots shall not be counted; and

t.      for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class or Sub-Class will be aggregated and treated as if such creditor held one Claim in such Class or Sub-Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class or Sub-Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class or Sub-Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

**E.      Amendments to the Plan and Solicitation and Voting Procedures**.

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Plan (including, for the avoidance of doubt, the Plan Supplement), Ballots, Confirmation Hearing Notice, and related documents without further order of the Court, including,

without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution; *provided* that all such modifications shall be made in accordance with the terms of the document being modified and the Plan.

*     *     *     *     *

*ACTIVE 45847147v1*

## <u>SCHEDULE 2A</u>

**Form of Class 4 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, | § | Case No. 19-33884 (DRJ) |
| LLC, *et al.*,[1] | § | |
| | § | (Joint Administration) |
| Debtors. | § | |
| | § | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE AMENDED JOINT**
**CHAPTER 11 PLAN OF REORGANIZATION OF SHALE SUPPORT GLOBAL**
**HOLDINGS, LLC AND ITS DEBTOR AFFILIATES**

**CLASS 4 BALLOT FOR HOLDERS OF SECURED TERM LOAN CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR**
> **COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT**
> **MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE**
> ***ACTUALLY RECEIVED***
> **BY THE NOTICE AND CLAIMS AGENT BY OCTOBER 21, 2019, AT 4:00 P.M.,**
> **PREVAILING CENTRAL TIME (THE "VOTING DEADLINE") IN ACCORDANCE**
> **WITH THE FOLLOWING:**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan"). The Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") has approved that certain *Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al.,*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879). The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354. For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

*and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2019 [Docket No. [●]] (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 4 ballot (this "Class 4 Ballot") because you are a holder of a Secured Term Loan Claim in Class 4 as of September 16, 2019 (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Class 4 Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) at the Debtors' expense by (i) calling Donlin, Recano & Company, Inc. (the "Notice and Claims Agent") at 866-296-8019 (toll free) or 212-771-1128 (international); (ii) visiting the Debtors' restructuring website at: https://www.donlinrecano.com/ssgh; (iii) writing to the Notice and Claims Agent at Donlin, Recano & Company, Inc., Re: Shale Support Global Holdings, LLC, et al., P.O. Box 199043 Blythebourne Station, Brooklyn, New York 11219; and/or (iv) emailing SSGHBallots@DonlinRecano.com; or (b) for a fee via PACER at http://www.txs.uscourts.gov.

This Class 4 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, opting out of the Third Party Release, and making certain certifications with respect to the Plan. If you believe you have received this Class 4 Ballot in error, or if you believe that you have received the wrong ballot, please contact the Notice and Claims Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 4, Secured Term Loan Claims, under the Plan. If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

**Item 1**. **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder of Secured Term Loan Claims in the following aggregate unpaid amount (insert amount in box below):

$$\boxed{\$\ \underline{\hspace{4cm}}}$$

2

**Item 2**. Vote on Plan.

The holder of the Class 4 Secured Term Loan Claim against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| | | | |
|---|---|---|---|
| ☐ | **ACCEPT** (vote FOR) the Plan | ☐ | **REJECT** (vote AGAINST) the Plan |

*<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above</u>.*

**Item 3**. Important information regarding the Third Party Release.

**Article VIII.D of the Plan contains the following provision:**

**Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the DIP Facility, the Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement and the Plan Settlement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Facility, the Plan, or the Plan Settlement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article VIII.D, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute its finding that each release described in this Article VIII.D is: (1) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Claims; (2) in the best interests of the Debtors and all holders of Interests and Claims; (3) fair, equitable, and reasonable; (4) given and made after due notice and opportunity for hearing; and (5) a bar to any of the Debtors or**

3

Reorganized Debtors asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

*        *        *

UNDER THE PLAN, "*RELEASED PARTY*" MEANS COLLECTIVELY, AND IN EACH CASE, IN ITS CAPACITY AS SUCH: (I) THE DIP FACILITY LENDERS; (II) THE DIP FACILITY AGENT; (III) THE TERM LOAN AGENT; (IV) THE TERM LOAN LENDERS; (V) THE EXIT FACILITY LENDERS; (VI) THE EXIT FACILITY AGENT; AND (VII) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (I) THROUGH (VII), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES AND SUBSIDIARIES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' AND SUBSIDIARIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS; *PROVIDED* THAT ANY HOLDER OF A CLAIM OR INTEREST THAT (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN THE PLAN OR (Y) FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN SHALL NOT BE A "RELEASED PARTY." FOR THE AVOIDANCE OF DOUBT, THE REVOLVING LENDER IS NOT A RELEASED PARTY

UNDER THE PLAN, "*RELEASING PARTY*" MEANS EACH OF THE FOLLOWING IN THEIR CAPACITY AS SUCH: (A) THE DIP FACILITY LENDERS, (B) THE DIP FACILITY AGENT, (C) THE TERM LOAN AGENT, (D) THE TERM LOAN LENDERS, (E) THE EXIT FACILITY LENDERS, (F) THE EXIT FACILITY AGENT, (G) THE COMMITTEE AND ITS MEMBERS (H) ALL HOLDERS OF CLAIMS, (I) ALL HOLDERS OF INTERESTS, AND (J) EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (J), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES AND SUBSIDIARIES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' AND SUBSIDIARIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH COLLECTIVELY; PROVIDED THAT ANY HOLDER OF A CLAIM OR INTEREST

4

**THAT (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN THE PLAN OR (Y) FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN SHALL NOT BE A "RELEASING PARTY."**

**AS A "*RELEASING PARTY*" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. HOWEVER, YOU MAY ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW OR FILE AN OBJECTION TO THE RELEASES IN THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. BY OPTING OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH.**

**The holder of the Class 4 Secured Term Loan Claim against the Debtors set forth in Item 1 elects to:**

| ☐  **OPT OUT of the Third Party Release** |
| :---: |

**Item 4. Certifications.**

By signing this Class 4 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a) that, as of the Voting Record Date, either: (i) the Entity is the holder of the Secured Term Loan Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the Secured Term Loan Claims being voted;

(b) that the Entity (or in the case of an authorized signatory, the holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) that the Entity has cast the same vote with respect to all Secured Term Loan Claims in a single Class; and

(d) that no other Class 4 Ballots with respect to the amount of the Secured Term Loan Claims identified in Item 1 have been cast or, if any other Class 4 Ballots have been cast with respect to such Secured Term Loan Claims, then any such earlier Class 4 Ballots are hereby revoked.

5

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 4 BALLOT ON OR BEFORE OCTOBER 21, 2019, AT 4:00 P.M., PREVAILING CENTRAL TIME (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 4 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

*ACTIVE 45847147v1*

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* VIA FIRST CLASS
MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

| **If by First Class Mail:** | **If by Hand Delivery or Overnight Mail:** |
|---|---|
| Donlin, Recano & Company, Inc. **Re:  Shale Support Global Holdings, LLC, et al.** Attn:  Voting Department PO Box 199043 Blythebourne Station Brooklyn, NY 11219 | Donlin, Recano & Company, Inc. **Re:  Shale Support Global Holdings, LLC, et al.** Attn:  Voting Department 6201 15th Ave Brooklyn, NY 11219 |

**OR**

**COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT
(WITH AN ORIGINAL SIGNATURE) *PROMPTLY* VIA ELECTRONIC MAIL TO
SSGHBALLOTS@DONLINRECANO.COM WITH "SSGH BALLOTS" IN THE
SUBJECT LINE**

Holders of Claims who cast a ballot via electronic mail to SSGHBallots@DonlinRecano.com with "SSGH BALLOTS" in the subject line should NOT also submit a paper Ballot.

**FOR ANY BALLOT CAST VIA ELECTRONIC MAIL, A FORMAT OF THE ATTACHMENT MUST BE FOUND IN THE COMMON WORKPLACE AND INDUSTRY STANDARD FORMAT *(I.E.,* INDUSTRY-STANDARD PDF FILE) AND THE RECEIVED DATE AND TIME IN THE NOTICE AND CLAIMS AGENT'S INBOX WILL BE USED AS A TIMESTAMP FOR RECEIPT.**

IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 4 BALLOT **OCTOBER 21, 2019, AT 4:00 P.M.**, PREVAILING CENTRAL TIME (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 4 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

8

| Class 4—Secured Term Loan Claims |
|---|

### INSTRUCTIONS FOR COMPLETING THIS CLASS 4 BALLOT

1. The Debtors are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Class 4 Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 4 Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Class 4 Ballot is counted, you *must* complete and submit this Class 4 Ballot as instructed herein.  **Ballots will not be accepted by facsimile.**

4. **Use of Ballot**.  To ensure that your Class 4 Ballot is counted, you must:  (a) complete your Class 4 Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 4 Ballot; and (c) clearly sign and submit your Class 4 Ballot as instructed herein.

5. You **may** elect to opt out of the Third Party Release by checking the box in Item 3.  You are not required to make such an election.  If you leave the box in Item 3 unchecked, you will be deemed to have consented to the Third Party Release.

6. Your Class 4 Ballot *must* be returned to the Notice and Claims Agent so as to be *actually received* by the Notice and Claims Agent on or before the Voting Deadline.  **The Voting Deadline is October 21, 2019, at 4:00 p.m.,** prevailing Central Time.  For any ballot cast via electronic mail, the received date and time in the Notice and Claims Agent's inbox will be used as a timestamp for receipt.

7. If a Class 4 Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Class 4 Ballots will *not* be counted:**

   (a)    any Class 4 Ballot that partially rejects and partially accepts the Plan;
   (b)    Class 4 Ballots sent to the Debtors, the Debtors' agents (other than the Notice and Claims Agent), any indenture trustee, or the Debtors' financial or legal advisors;
   (c)    Class 4 Ballots sent by facsimile;
   (d)    any Class 4 Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

9

(e)      any Class 4 Ballot cast by an Entity that does not hold a Claim in Class 4;

(f)      any Class 4 Ballot submitted by a holder not entitled to vote pursuant to the Plan;

(g)      any unsigned Class 4 Ballot;

(h)      any non-original Class 4 Ballot; and/or

(i)      any Class 4 Ballot not marked to accept or reject the Plan or any Class 4 Ballot marked both to accept and reject the Plan.

8.      The method of delivery of Class 4 Ballots to the Notice and Claims Agent is at the election and risk of each holder of a Secured Term Loan Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Notice and Claims Agent *actually receives* the originally executed Class 4 Ballot. In all cases, holders should allow sufficient time to assure timely delivery.

9.      If multiple Class 4 Ballots are received from the same holder of a Secured Term Loan Claim with respect to the same Secured Term Loan Claim prior to the Voting Deadline, the latest, timely received, and properly completed Class 4 Ballot will supersede and revoke any earlier received Class 4 Ballots.

10.      You must vote all of your Secured Term Loan Claims within Class 4 either to accept or reject the Plan and may **not** split your vote. Further, if a holder has multiple Secured Term Loan Claims within Class 4, the Debtors may, in their discretion, aggregate the Claims of any particular holder with multiple Secured Term Loan Claims within Class 4 for the purpose of counting votes.

11.      This Class 4 Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

12.      **<u>Please be sure to sign and date your Class 4 Ballot</u>**. If you are signing a Class 4 Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Notice and Claims Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 4 Ballot.

13.      If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class. Each ballot votes *only* your Claims indicated on that ballot, so please complete and return each ballot that you received.

*ACTIVE 45847147v1*

**<u>PLEASE SUBMIT YOUR CLASS 4 BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 5 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT:  866-296-8019 (TOLL FREE) OR EMAIL SSGHBALLOTS@DONLINRECANO.COM.**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 4 BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS ON OCTOBER 21, 2019, AT 4:00 P.M., PREVAILING CENTRAL TIME (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

11

## <u>SCHEDULE 2B</u>

**Form of Class 5 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, | § | Case No. 19-33884 (DRJ) |
| LLC, *et al.*,[1] | § | |
| | § | (Joint Administration) |
| Debtors. | § | |
| | § | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION OF SHALE SUPPORT GLOBAL
HOLDINGS, LLC AND ITS DEBTOR AFFILIATES**

**CLASS 5 BALLOT FOR HOLDERS OF UNSECURED
CONVENIENCE CLASS CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
*ACTUALLY RECEIVED*
BY THE NOTICE AND CLAIMS AGENT BY OCTOBER 21, 2019, AT 4:00 P.M.,
PREVAILING CENTRAL TIME (THE "VOTING DEADLINE") IN ACCORDANCE
WITH THE FOLLOWING:**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan"). The Bankruptcy Court for the Southern

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879). The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354. For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

District of Texas (the "Bankruptcy Court") has approved that certain *Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2019 [Docket No. [●]] (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 5 ballot (this "Class 5 Ballot") because you are a holder of an Unsecured Convenience Class Claim in Class 5 as of September 16, 2019 (the "Voting Record Date"). Class 5 Unsecured Convenience Class Claims include, among other things, any Unsecured Claim (including prepetition accrued interest) in the amount of $30,000 or less that does not elect on its ballot to be treated as a General Unsecured Claim. Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Class 5 Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) at the Debtors' expense by (i) calling Donlin, Recano & Company, Inc. (the "Notice and Claims Agent") at 866-296-8019 (toll free) or 212-771-1128 (international); (ii) visiting the Debtors' restructuring website at: https://www.donlinrecano.com/ssgh; (iii) writing to the Notice and Claims Agent at Donlin, Recano & Company, Inc., Re: Shale Support Global Holdings, LLC, et al., P.O. Box 199043 Blythebourne Station, Brooklyn, New York 11219; and/or (iv) emailing SSGHBallots@DonlinRecano.com; or (b) for a fee via PACER at http://www.txs.uscourts.gov.

This Class 5 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, electing treatment as a General Unsecured Claim, opting out of the Third Party Release, and making certain certifications with respect to the Plan. If you believe you have received this Class 5 Ballot in error, or if you believe that you have received the wrong ballot, please contact the Notice and Claims Agent *immediately* at the address, telephone number, or email address set forth above

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Pursuant to the Plan, your Claim has been placed in Class 5, Unsecured Convenience Class Claim, in the Sub-Class specified in Item 1 below, subject to your right to elect treatment as a Class 6 General Unsecured Claim. If you hold Claims in more than one Class or Sub-Class, you will receive a ballot for each Class or Sub-Class in which you are entitled to vote.

*ACTIVE 45847147v1*

**Item 1**. **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder of Unsecured Convenience Class Claim in Class 5 in the following aggregate unpaid amount (insert amount in box below):

$\$$_____

Sub-Class:_____

Debtor: _____

**Item 2**. **Vote on Plan.**

The holder of the Class 5 Unsecured Convenience Class Claim in the Sub-Class set forth in Item 1 votes to (please check <u>one</u>):

☐   **ACCEPT** (vote FOR) the Plan        ☐   **REJECT** (vote AGAINST) the Plan

**Item 3**. **General Unsecured Claim Election.**

Pursuant to and subject to the provisions of the Plan, a holder of an Unsecured Claim in an amount of $30,000 or less that would otherwise be an Unsecured Convenience Class Claim may elect to have its Unsecured Convenience Class Claim treated as a General Unsecured Claim as set forth in the Plan.  By checking the following box, such holder elects to receive the treatment of a holder of a General Unsecured Claim as set forth in Article III.B.6 of the Plan:

☐ **ELECTS** to have Unsecured Convenience Class Claim treated as a General Unsecured Claim

**Item 4**. **Important information regarding the Third Party Release.**

<u>**Article VIII.D of the Plan contains the following provision:**</u>

**Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether**

3

*ACTIVE 45847147v1*

individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the DIP Facility, the Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement and the Plan Settlement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Facility, the Plan, or the Plan Settlement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article VIII.D, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute its finding that each release described in this Article VIII.D is: (1) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Claims; (2) in the best interests of the Debtors and all holders of Interests and Claims; (3) fair, equitable, and reasonable; (4) given and made after due notice and opportunity for hearing; and (5) a bar to any of the Debtors or Reorganized Debtors asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

*    *    *

UNDER THE PLAN, "*RELEASED PARTY*" MEANS COLLECTIVELY, AND IN EACH CASE, IN ITS CAPACITY AS SUCH:  (I) THE DIP FACILITY LENDERS; (II) THE DIP FACILITY AGENT; (III) THE TERM LOAN AGENT; (IV) THE TERM LOAN LENDERS; (V) THE EXIT FACILITY LENDERS; (VI) THE EXIT FACILITY AGENT; AND (VII) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (I) THROUGH (VII), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES AND SUBSIDIARIES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' AND SUBSIDIARIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS; *PROVIDED* THAT ANY HOLDER OF A CLAIM OR INTEREST

4

THAT (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN THE PLAN OR (Y) FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN SHALL NOT BE A "RELEASED PARTY."  FOR THE AVOIDANCE OF DOUBT, THE REVOLVING LENDER IS NOT A RELEASED PARTY

UNDER THE PLAN, "*RELEASING PARTY*" MEANS EACH OF THE FOLLOWING IN THEIR CAPACITY AS SUCH:  (A) THE DIP FACILITY LENDERS, (B) THE DIP FACILITY AGENT, (C) THE TERM LOAN AGENT, (D) THE TERM LOAN LENDERS, (E) THE EXIT FACILITY LENDERS, (F) THE EXIT FACILITY AGENT, (G) THE COMMITTEE AND ITS MEMBERS (H) ALL HOLDERS OF CLAIMS, (I) ALL HOLDERS OF INTERESTS, AND (J) EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (J), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES AND SUBSIDIARIES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' AND SUBSIDIARIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH COLLECTIVELY; PROVIDED THAT ANY HOLDER OF A CLAIM OR INTEREST THAT (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN THE PLAN OR (Y) FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN SHALL NOT BE A "RELEASING PARTY."

AS A "*RELEASING PARTY*" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. HOWEVER, YOU MAY ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW OR FILE AN OBJECTION TO THE RELEASES IN THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. BY OPTING OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH.

**The holder of the Class 5 Unsecured Convenience Class Claim in the Sub-Class set forth in Item 1 elects to:**

☐ **OPT OUT of the Third Party Release**

5

**Item 5**. **Certifications.**

By signing this Class 5 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)　that, as of the Voting Record Date, either: (i) the Entity is the holder of the Unsecured Convenience Class Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the Unsecured Convenience Class Claims being voted;

(b)　that the Entity (or in the case of an authorized signatory, the holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)　that the Entity has cast the same vote with respect to all Unsecured Convenience Class Claims in a single Class or Sub-Class; and

(d)　that no other Class 5 Ballots with respect to the amount of the Unsecured Convenience Class Claims identified in Item 1 have been cast or, if any other Class 5 Ballots have been cast with respect to such Unsecured Convenience Class Claims, then any such earlier Class 5 Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |

6

| | |
|---|---|
| Email: | |
| Date Completed: | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 5 BALLOT ON OR BEFORE OCTOBER 21, 2019, AT 4:00 P.M., PREVAILING CENTRAL TIME (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 5 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

*ACTIVE 45847147v1*

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* VIA FIRST CLASS
MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Donlin, Recano & Company, Inc. **Re:  Shale Support Global Holdings, LLC, et al.** Attn:  Voting Department PO Box 199043 Blythebourne Station Brooklyn, NY 11219 | Donlin, Recano & Company, Inc. **Re:  Shale Support Global Holdings, LLC, et al.** Attn:  Voting Department 6201 15th Ave Brooklyn, NY 11219 |

**OR**

**COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT
(WITH AN ORIGINAL SIGNATURE) *PROMPTLY* VIA ELECTRONIC MAIL TO
SSGHBALLOTS@DONLINRECANO.COM WITH "SSGH BALLOTS" IN THE
SUBJECT LINE**

Holders of Claims who cast a ballot via electronic mail to SSGHBallots@DonlinRecano.com with "SSGH BALLOTS" in the subject line should NOT also submit a paper Ballot.

**FOR ANY BALLOT CAST VIA ELECTRONIC MAIL, A FORMAT OF THE ATTACHMENT MUST BE FOUND IN THE COMMON WORKPLACE AND INDUSTRY STANDARD FORMAT (*I.E.*, INDUSTRY-STANDARD PDF FILE) AND THE RECEIVED DATE AND TIME IN THE NOTICE AND CLAIMS AGENT'S INBOX WILL BE USED AS A TIMESTAMP FOR RECEIPT.**

IF THE NOTICE AND CLAIMS AGENT DOES NOT ***ACTUALLY RECEIVE*** THIS CLASS 5 BALLOT ON OR BEFORE **OCTOBER, 2019, AT 4:00 P.M., PREVAILING CENTRAL TIME** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 5 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

8

| Class 5 — Unsecured Convenience Class Claims |
| --- |

## INSTRUCTIONS FOR COMPLETING THIS CLASS 5 BALLOT

1.    The Debtors are soliciting the votes of holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Class 5 Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 5 Ballot.    **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.    The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.    To ensure that your Class 5 Ballot is counted, you *must* complete and submit this Class 5 Ballot as instructed herein.  **Ballots will not be accepted by facsimile.**

4.    **<u>Use of Ballot</u>** To ensure that your Class 5 Ballot is counted, you must: (a) complete your Class 5 Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 5 Ballot; and (c) clearly sign and submit your Class 5 Ballot as instructed herein.

5.    You **may** elect to receive the treatment of a holder of a General Unsecured Claim on account of your Unsecured Convenience Class Claim by checking the election box in Item 3.  You are not required to make such an election.

6.    You **may** elect to opt out of the Third Party Release by checking the box in Item 4.  You are not required to make such an election.  If you leave the box in Item 4 unchecked, you will be deemed to have consented to the Third Party Release.

7.    Your Class 5 Ballot *must* be returned to the Notice and Claims Agent so as to be **actually received** by the Notice and Claims Agent on or before the Voting Deadline.  **The Voting Deadline is October 21, 2019, at 4:00 p.m.**, prevailing Central Time.  For any ballot cast via electronic mail, the received date and time in the Notice and Claims Agent's inbox will be used as a timestamp for receipt.

8.    If a Class 5 Ballot is received *after* the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the discretion of the Debtors.   Additionally, **the following Class 5 Ballots will *not* be counted**:

     (a)      any Class 5 Ballot that partially rejects and partially accepts the Plan;

9

(b)    Class 5 Ballots sent to the Debtors, the Debtors' agents (other than the Notice and Claims Agent) or the Debtors' financial or legal advisors;

(c)    Class 5 Ballots sent by facsimile;

(d)    any Class 5 Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

(e)    any Class 5 Ballot cast by an Entity that does not hold a Claim in Class 5;

(f)    any Class 5 Ballot submitted by a holder not entitled to vote pursuant on the Plan;

(g)    any unsigned Class 5 Ballot;

(h)    any non-original Class 5 Ballot; and/or

(i)    any Class 5 Ballot not marked to accept or reject the Plan or any Class 5 Ballot marked both to accept and reject the Plan.

9.    The method of delivery of Class 5 Ballots to the Notice and Claims Agent is at the election and risk of each holder of an Unsecured Convenience Class Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Notice and Claims Agent *actually receives* the originally executed Class 5 Ballot. In all cases, holders should allow sufficient time to assure timely delivery.

10.    If multiple Class 5 Ballots are received from the same holder of a Unsecured Convenience Class Claim with respect to the same Unsecured Convenience Class Claim prior to the Voting Deadline, the latest, timely received, and properly completed Class 5 Ballot will supersede and revoke any earlier received Class 5 Ballots.

11.    You must vote all of your Unsecured Convenience Class Claims within a particular Class 5 Sub-Class either to accept or reject the Plan and may *not* split your vote. Further, if a holder has multiple Unsecured Convenience Class Claims within Class 5, the Debtors may aggregate the Claims of any particular holder with multiple Unsecured Convenience Class Claims within Class 5 for the purpose of counting votes.

12.    This Class 5 Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.    **<u>Please be sure to sign and date your Class 5 Ballot</u>**. If you are signing a Class 5 Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Notice and Claims Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 5 Ballot.

14.    If you hold Claims in more than one Class or Sub-Class under the Plan you may receive more than one ballot coded for each different Class or Sub-Class. Each ballot votes *only* your Claims indicated on that ballot, so please complete and return each ballot that you received.

**<u>PLEASE SUBMIT YOUR CLASS 5 BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 5 BALLOT,
THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING,
PLEASE CALL THE RESTRUCTURING HOTLINE AT:  866-296-8019 (TOLL FREE)
OR EMAIL SSGHBALLOTS@DONLINRECANO.COM.**

---

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS
CLASS 5 BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS
OCTOBER 21, 2019, AT 4:00 P.M., PREVAILING CENTRAL TIME (AND IF THE
VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED
HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

---

11

## <u>SCHEDULE 2C</u>

**Form of Class 6 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, | § | Case No. 19-33884 (DRJ) |
| LLC, *et al.*,[1] | § | |
| | § | (Joint Administration) |
| Debtors. | § | |
| | § | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE AMENDED JOINT
CHAPTER 11 PLAN OF REORGANIZATION OF SHALE SUPPORT GLOBAL
HOLDINGS, LLC AND ITS DEBTOR AFFILIATES**

**CLASS 6 BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
*ACTUALLY RECEIVED***

**BY THE NOTICE AND CLAIMS AGENT BY OCTOBER 21, 2019, AT 4:00 P.M.,
PREVAILING CENTRAL TIME (THE "VOTING DEADLINE") IN ACCORDANCE
WITH THE FOLLOWING:**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Amended Joint Plan of Reorganization of Shale Support Global Holdings,*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879).  The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354.  For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

*et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan"). The Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") has approved that certain *Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2019 [Docket No. [●]] (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 6 ballot (this "Class 6 Ballot") because you are a holder of a Class 6 General Unsecured Claim as of September 16, 2019 (the "Voting Record Date"). Class 6 General Unsecured Claims include any Unsecured Claim that is not an Unsecured Convenience Class Claim. Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Class 6 Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) at the Debtors' expense by (i) calling Donlin, Recano & Company, Inc. (the "Notice and Claims Agent") at 866-296-8019 (toll free) or 212-771-1128 (international); (ii) visiting the Debtors' restructuring website at: https://www.donlinrecano.com/ssgh; (iii) writing to the Notice and Claims Agent at Donlin, Recano & Company, Inc., Re: Shale Support Global Holdings, LLC, et al., P.O. Box 199043 Blythebourne Station, Brooklyn, New York 11219; and/or (iv) emailing SSGHBallots@DonlinRecano.com; or (b) for a fee via PACER at http://www.txs.uscourts.gov.

This Class 6 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, electing treatment as an Unsecured Convenience Class Claim, opting out of the Third Party Release, and making certain certifications with respect to the Plan. If you believe you have received this Class 6 Ballot in error, or if you believe that you have received the wrong ballot, please contact the Notice and Claims Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Pursuant to the Plan, your Claim has been placed in Class 6, General Unsecured Claims, in the Sub-Class specified below in Item 1, subject to your right to elect treatment as a Class 5 Unsecured Convenience Class Claim. If you hold Claims in more than one Class or Sub-Class, you will receive a ballot for each Class or Sub-Class in which you are entitled to vote.

2

**Item 1**. **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder of General Unsecured Claims in Class 6 in the following aggregate unpaid amount (insert amount in box below):

$$\begin{array}{|l|}\hline \\ \$_____ \\ \\ \text{Sub-Class:}_____ \\ \\ \text{Debtor: }_____ \\ \\ \hline \end{array}$$

**Item 2**.**Vote on Plan.**

The holder of the Class 6 General Unsecured Claim in the Sub-Class set forth in Item 1 votes to (please check <u>one</u>):

| ☐   **ACCEPT** (vote FOR) the Plan | ☐   **REJECT** (vote AGAINST) the Plan |
| --- | --- |

**Item 3**. **Unsecured Convenience Class Claim Election.**

Pursuant to and subject to the provisions of the Plan, a holder of an Unsecured Claim in an amount in excess of $30,000 that would otherwise be a General Unsecured Claim may elect to have its General Unsecured Claim reduced to and capped at the amount of $30,000 and treated as an Unsecured Convenience Class Claim as set forth in the Plan.  By checking the following box, such holder elects to receive the treatment of a holder of an Unsecured Convenience Class Claim as set forth in Article III.B.5. of the Plan and, if the amount listed in <u>Item 1</u> is greater than $30,000, elects to cap the Allowed amount of its Claim at $30,000:

| ☐   **ELECTS** to have General Unsecured Claim treated as an Unsecured Convenience Class Claim |
| --- |

3

**Item 4**. Important information regarding the Third Party Release.

**Article VIII.D of the Plan contains the following provision:**

Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the DIP Facility, the Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement and the Plan Settlement), or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Facility, the Plan, or the Plan Settlement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article VIII.D, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute its finding that each release described in this Article VIII.D is: (1) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Claims; (2) in the best interests of the Debtors and all holders of Interests and Claims; (3) fair, equitable, and reasonable; (4) given and made after due notice and opportunity for hearing; and (5) a bar to any of the Debtors or Reorganized Debtors asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

\*          \*          \*

UNDER THE PLAN, "*RELEASED PARTY*" MEANS COLLECTIVELY, AND IN EACH CASE, IN ITS CAPACITY AS SUCH:  (I) THE DIP FACILITY LENDERS; (II) THE DIP FACILITY AGENT; (III) THE TERM LOAN AGENT; (IV) THE TERM LOAN LENDERS; (V) THE EXIT FACILITY LENDERS; (VI) THE EXIT FACILITY AGENT; AND (VII) WITH RESPECT TO EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND EACH OF THE FOREGOING ENTITIES IN CLAUSES (I) THROUGH

4

**(VII), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES AND SUBSIDIARIES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' AND SUBSIDIARIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS; *PROVIDED* THAT ANY HOLDER OF A CLAIM OR INTEREST THAT (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN THE PLAN OR (Y) FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN SHALL NOT BE A "RELEASED PARTY."   FOR THE AVOIDANCE OF DOUBT, THE REVOLVING LENDER IS NOT A RELEASED PARTY**

**UNDER THE PLAN, "*RELEASING PARTY*" MEANS EACH OF THE FOLLOWING IN THEIR CAPACITY AS SUCH:   (A) THE DIP FACILITY LENDERS, (B) THE DIP FACILITY AGENT, (C) THE TERM LOAN AGENT, (D) THE TERM LOAN LENDERS, (E) THE EXIT FACILITY LENDERS, (F) THE EXIT FACILITY AGENT, (G) THE COMMITTEE AND ITS MEMBERS (H) ALL HOLDERS OF CLAIMS, (I) ALL HOLDERS OF INTERESTS, AND (J) EACH OF THE DEBTORS, THE REORGANIZED DEBTORS, AND WITH RESPECT TO EACH OF THE FOREGOING ENTITIES IN CLAUSES (A) THROUGH (J), SUCH ENTITY AND ITS CURRENT AND FORMER AFFILIATES AND SUBSIDIARIES, AND SUCH ENTITIES' AND THEIR CURRENT AND FORMER AFFILIATES' AND SUBSIDIARIES' CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), PREDECESSORS, SUCCESSORS, AND ASSIGNS, SUBSIDIARIES, AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EQUITY HOLDERS, OFFICERS, DIRECTORS, MANAGERS, PRINCIPALS, MEMBERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, PARTNERS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS, EACH IN THEIR CAPACITY AS SUCH COLLECTIVELY; PROVIDED THAT ANY HOLDER OF A CLAIM OR INTEREST THAT (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN THE PLAN OR (Y) FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN SHALL NOT BE A "RELEASING PARTY."**

**AS A "*RELEASING PARTY*" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. HOWEVER, YOU MAY ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW OR FILE AN OBJECTION TO THE RELEASES IN THE PLAN. THE ELECTION TO WITHHOLD CONSENT TO GRANT SUCH RELEASE IS AT YOUR OPTION. BY OPTING OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF**

5

**THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH.**

**The holder of the Class 6 General Unsecured Claim against the Debtor set forth in Item 1 elects to:**

> ☐    **OPT OUT of the Third Party Release**

**Item 5.** **Certifications.**

By signing this Class 6 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(a)    that, as of the Voting Record Date, either: (i) the Entity is the holder of the General Unsecured Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a holder of the General Unsecured Claims being voted;

(b)    that the Entity (or in the case of an authorized signatory, the holder) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    that the Entity has cast the same vote with respect to all General Unsecured Claims in a single Class or Sub-Class;

(d)    that no other Class 6 Ballots with respect to the amount of the General Unsecured Claims identified in Item 1 have been cast or, if any other Class 6 Ballots have been cast with respect to such General Unsecured Claims, then any such earlier Class 6 Ballots are hereby revoked.

Name of Holder: _____

(Print or Type)

_____

Signature: _____

Name of Signatory: _____

6

|  | (If other than holder) |
|---|---|
| Title: | _____ |
| Address: | _____ |
|  | _____ |
|  | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 6 BALLOT ON OR BEFORE OCTOBER 21, 2019, AT 4:00 P.M., PREVAILING CENTRAL TIME (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 5 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

7

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* VIA FIRST CLASS
MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO:**

| **If by First Class Mail**: | **If by Hand Delivery or Overnight Mail**: |
|---|---|
| Donlin, Recano & Company, Inc.<br><br>**Re:  Shale Support Global Holdings, LLC, et al.**<br><br>Attn:  Voting Department<br><br>PO Box 199043 Blythebourne Station<br><br>Brooklyn, NY 11219 | Donlin, Recano & Company, Inc.<br><br>**Re:  Shale Support Global Holdings, LLC, et al.**<br><br>Attn:  Voting Department<br><br>6201 15th Ave<br><br>Brooklyn, NY 11219 |

**OR**

**COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT
(WITH AN ORIGINAL SIGNATURE) *PROMPTLY* VIA ELECTRONIC MAIL TO
SSGHBALLOTS@DONLINRECANO.COM WITH "SSGH BALLOTS" IN THE
SUBJECT LINE**

Holders of Claims who cast a ballot via electronic mail to SSGHBallots@DonlinRecano.com with "SSGH BALLOTS" in the subject line should NOT also submit a paper Ballot.

FOR ANY BALLOT CAST VIA ELECTRONIC MAIL, A FORMAT OF THE ATTACHMENT MUST BE FOUND IN THE COMMON WORKPLACE AND INDUSTRY STANDARD FORMAT (*I.E.*, INDUSTRY-STANDARD PDF FILE) AND THE RECEIVED DATE AND TIME IN THE NOTICE AND CLAIMS AGENT'S INBOX WILL BE USED AS A TIMESTAMP FOR RECEIPT.

> IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 6 BALLOT ON OR BEFORE **OCTOBER 21, 2019, AT 4:00 P.M., PREVAILING CENTRAL TIME** (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 6 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.

*ACTIVE 45847147v1*

---

**Class 6 — General Unsecured Claims**

---

### INSTRUCTIONS FOR COMPLETING THIS CLASS 6 BALLOT

1. The Debtors are soliciting the votes of holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Class 6 Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 6 Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Class 6 Ballot is counted, you ***must*** complete and submit this Class 6 Ballot as instructed herein. **Ballots will not be accepted by facsimile.**

4. <u>Use of Ballot</u> To ensure that your Class 6 Ballot is counted, you must: (a) complete your Class 6 Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 6 Ballot; and (c) clearly sign and submit your Class 6 Ballot as instructed herein.

5. You **may** elect to receive the treatment of a holder of an Unsecured Convenience Class Claim on account of your General Unsecured Claim by checking the election box in Item 3. If you make such an election and the amount listed in Item 1 is greater than $30,000, your election will operate to cap the Allowed amount of your Claim at $30,000. You are not required to make such an election.

6. You **may** elect to opt out of the Third Party Release by checking the box in Item 4. You are not required to make such an election. If you leave the box in Item 4 unchecked, you will be deemed to have consented to the Third Party Release.

7. Your Class 6 Ballot ***must*** be returned to the Notice and Claims Agent so as to be **actually received** by the Notice and Claims Agent on or before the Voting Deadline. **The Voting Deadline is October 21, 2019, at 4:00 p.m.,** prevailing Central Time. For any ballot cast via electronic mail, the received date and time in the Notice and Claims Agent's inbox will be used as a timestamp for receipt.

8. If a Class 6 Ballot is received ***after*** the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the discretion of the Debtors. Additionally, **the following Class 6 Ballots will *not* be counted:**

9

    (a)      any Class 6 Ballot that partially rejects and partially accepts the Plan;

    (b)      Class 6 Ballots sent to the Debtors, the Debtors' agents (other than the Notice and Claims Agent) or the Debtors' financial or legal advisors;

    (c)      Class 6 Ballots sent by facsimile;

    (d)      any Class 6 Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    (e)      any Class 6 Ballot cast by an Entity that does not hold a Claim in Class 6;

    (f)      any Class 6 Ballot submitted by a holder not entitled to vote pursuant on the Plan;

    (g)      any unsigned Class 6 Ballot;

    (h)      any non-original Class 6 Ballot; and/or

    (i)      any Class 6 Ballot not marked to accept or reject the Plan or any Class 6 Ballot marked both to accept and reject the Plan.

9. The method of delivery of Class 6 Ballots to the Notice and Claims Agent is at the election and risk of each holder of a General Unsecured Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Notice and Claims Agent *actually receives* the originally executed Class 6 Ballot. In all cases, holders should allow sufficient time to assure timely delivery.

10. If multiple Class 6 Ballots are received from the same holder of a General Unsecured Claim with respect to the same General Unsecured Claim prior to the Voting Deadline, the latest, timely received, and properly completed Class 6 Ballot will supersede and revoke any earlier received Class 6 Ballots.

11. You must vote all of your General Unsecured Claims within a particular Class 6 Sub-Class either to accept or reject the Plan and may *not* split your vote. Further, if a holder has multiple General Unsecured Claims within Class 6, the Debtors may aggregate the Claims of any particular holder with multiple General Unsecured Claims within Class 6 for the purpose of counting votes.

12. This Class 6 Ballot does *not* constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13. **Please be sure to sign and date your Class 6 Ballot**. If you are signing a Class 6 Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Notice and Claims Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 6 Ballot.

14. If you hold Claims in more than one Class or Sub-Class under the Plan you may receive more than one ballot coded for each different Class or Sub-Class. Each ballot votes *only* your Claims indicated on that ballot, so please complete and return each ballot that you received.

*ACTIVE 45847147v1*

**PLEASE SUBMIT YOUR CLASS 6 BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 5 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT: 866-296-8019 (TOLL FREE) OR EMAIL SSGHBALLOTS@DONLINRECANO.COM.**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS CLASS 6 BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS OCTOBER 21, 2019, AT 4:00 P.M., PREVAILING CENTRAL TIME (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED HEREBY MAY BE COUNTED ONLY IN THE DISCRETION OF THE DEBTORS.**

*ACTIVE 45847147v1*

# **SCHEDULE 3**

**Form of Unimpaired Non-Voting Status Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, | § | Case No. 19-33884 (DRJ) |
| LLC, *et al.*,[1] | § | |
| | § | (Joint Administration) |
| Debtors. | § | |
| | § | |

NOTICE OF NON-VOTING STATUS TO HOLDER OF
UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2019, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"):  (a) authorizing Shale Support Global Holdings, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Amended Disclosure Statement Relating to the Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, *you are not entitled to vote on the Plan*.  Specifically, under the terms of the Plan, as a holder of a Claim (as currently asserted against the Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are *not* entitled to vote on the Plan.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879).  The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354.  For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

[2]    Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **October 29, 2019, at 9:00 a.m.**, prevailing Central Time, before the Honorable David R. Jones, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street Houston, Texas 77002.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **October 21, 2019, at 4:00 p.m.**, prevailing Central Time (the "Plan Objection Deadline"). Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before the Plan Objection Deadline:

| *Counsel to the Debtors* |
|---|
| Shari L. Heyen<br>(Texas Bar No. 09564750)<br>Karl D. Burrer<br>(Texas Bar No. 24043584)<br>David R. Eastlake<br>(Texas Bar No. 24074165)<br>GREENBERG TRAURIG, LLP<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002 |
| *U.S. Trustee* |
| Attn: Stephen Statham and Hector Duran Jr.<br>Office of the United States Trustee for the Southern District of Texas<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002 |
| *Counsel to the Official Committee of Unsecured Creditors Appointed in These Chapter 11 Cases* |
| Marcus Helt<br>Holland O'Neil<br>FOLEY GARDERE<br>Foley & Lardner LLP<br>2021 McKinney Avenue, Suite 1600<br>Dallas, Texas 75201 |

2

*ACTIVE 45847147v1*

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Donlin, Recano & Company, Inc., the notice and claims agent retained by the Debtors in the Chapter 11 Cases (the "Notice and Claims Agent"), by:  (a) calling the Debtors' restructuring hotline at 866-296-8019 (toll free) or 212-771-1128 (international); (b) visiting the Debtors' restructuring website at:  https://donlinrecano.com/ssgh; (c) writing to the Notice and Claims Agent at Donlin, Recano & Company, Inc., Re: Shale Support Global Holdings, LLC, et al., P.O. Box 199043 Blythebourne Station, Brooklyn, New York 11219; and/or (d) emailing SSGHBallots@DonlinRecano.com.  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at:  http://www.txs.uscourts.gov.

---

**ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D CONTAINS A THIRD PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE VIII.D OF THE PLAN USING THE ENCLOSED OPT OUT FORM OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH.

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.

---

Dated:  [●], 2019

*/s/ DRAFT*
Shari L. Heyen (Texas Bar No. 09564750)
Karl D. Burrer (Texas Bar No. 24043584)
David R. Eastlake (Texas Bar No. 24074165)
**GREENBERG TRAURIG, LLP**
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:     (713) 374-3500
Facsimile:     (713) 374-3505
Email:         heyens@gtlaw.com
               burrerk@gtlaw.com
               eastlaked@gtlaw.com

*Counsel to the Debtors and Debtors in
Possession*

## OPTIONAL:  RELEASE OPT OUT FORM

You are receiving this opt out form (the "Opt Out Form") because you are a holder of a Claim that is not entitled to vote on the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan").

**Important information regarding the Third Party Release.[1]**

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN SET FORTH BELOW:

**Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the DIP Facility, the Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement and the Plan Settlement), or any**

---

[1]    Under the Plan, "*Released Party*" means collectively, and in each case, in its capacity as such:  (i) the DIP Facility Lenders; (ii) the DIP Facility Agent; (iii) the Term Loan Agent; (iv) the Term Loan Lenders; (v) the Exit Facility Lenders; (vi) the Exit Facility Agent; and (vii) with respect to each of the Debtors, the Reorganized Debtors, and each of the foregoing entities in clauses (i) through (vii), such Entity and its current and former Affiliates and subsidiaries, and such Entities' and their current and former Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; *provided* that any holder of a Claim or Interest that (x) validly opts out of the releases contained in the Plan or (y) files an objection to the releases contained in the Plan shall not be a "Released Party."  For the avoidance of doubt, the Revolving Lender is not a released party.

Under the Plan, "*Releasing Parties*" means collectively, (a) the DIP Facility Lenders, (b) the DIP Facility Agent, (c) the Term Loan Agent, (d) the Term Loan Lenders, (e) the Exit Facility Lenders, (f) the Exit Facility Agent, (g) the Committee and its members (h) all holders of Claims, (i) all holders of Interests, and (j) each of the Debtors, the Reorganized Debtors, and with respect to each of the foregoing entities in clauses (a) through (j), such Entity and its current and former Affiliates and subsidiaries, and such Entities' and their current and former Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such collectively; *provided* that any holder of a Claim or Interest that (x) validly opts out of the releases contained in the Plan or (y) files an objection to the releases contained in the Plan shall not be a "Releasing Party."

Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Facility, the Plan, or the Plan Settlement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article VIII.D, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute its finding that each release described in this Article VIII.D is: (1) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Claims; (2) in the best interests of the Debtors and all holders of Interests and Claims; (3) fair, equitable, and reasonable; (4) given and made after due notice and opportunity for hearing; and (5) a bar to any of the Debtors or Reorganized Debtors asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

\*       \*       \*

IF YOU ELECT TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH.

OPTIONAL RELEASE ELECTION. YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW:

☐    **The Undersigned holder of the Claim or Interest elects to OPT OUT of the Third Party Release**

Certifications.

By signing this Opt Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)    as of the Voting Record Date, either: (i) the Entity is the holder of a Claim; or (ii) the Entity is an authorized signatory for an Entity that is a holder of a Claim;

2

(b)     the Entity (or in the case of an authorized signatory, the holder) has received a copy of the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Deemed to Accept the Plan* and that this Opt Out Form is made pursuant to the terms and conditions set forth therein; and

(c)     no other Opt Out Form has been submitted or, if any other Opt Out Forms have been submitted with respect to such Claims, then any such earlier Opt Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

3

**IF YOU HAVE MADE THE OPTIONAL OPT OUT ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.**

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Donlin, Recano & Company, Inc. **Re:  Shale Support Global Holdings, LLC, et al.** Attn:  Voting Department PO Box 199043 Blythebourne Station Brooklyn, NY 11219 | Donlin, Recano & Company, Inc. **Re:  Shale Support Global Holdings, LLC, et al.** Attn:  Voting Department 6201 15th Ave Brooklyn, NY 11219 |

**OR**

COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND RETURN IT
(WITH AN ORIGINAL SIGNATURE) *PROMPTLY* VIA ELECTRONIC MAIL
TO SSGHBALLOTS@DONLINRECANO.COM
WITH "SSGH Opt Out Form" IN THE SUBJECT LINE

**THE VOTING DEADLINE IS
OCTOBER 21, 2019, AT 4:00 P.M., PREVAILING CENTRAL TIME**

THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE*
YOUR OPT-OUT ELECTION ON OR BEFORE THE VOTING DEADLINE.

4

# SCHEDULE 4

**Form of Impaired Non-Voting Status Notice**



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, | § | Case No. 19-33884 (DRJ) |
| LLC, *et al.*,[1] | § | |
| | § | (Joint Administration) |
| Debtors. | § | |
| | § | |

## NOTICE OF NON-VOTING STATUS TO HOLDER OF IMPAIRED CLAIMS OR INTERESTS CONCLUSIVELY PRESUMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2019, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"):  (a) authorizing Shale Support Global Holdings, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Amended Disclosure Statement Relating to the Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, ***you are not entitled to vote on the Plan***.  Specifically, under the terms of the Plan, as a holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879).  The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354.  For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

[2]    Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **October 29, 2019, at 9:00 a.m.** prevailing Central Time, before the Honorable David R. Jones, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street Houston, Texas 77002.

PLEASE TAKE FURTHER NOTICE THAT the deadline for filing objections to the Plan is **October 21, 2019, at 4:00 p.m.**, prevailing Central Time (the "Plan Objection Deadline"). Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) on or before the Plan Objection Deadline:

PLEASE TAKE FURTHER NOTICE THAT if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Donlin, Recano & Company, Inc., the notice and claims agent retained by the Debtors in the Chapter 11 Cases (the "Notice and Claims Agent"), by:  (a) calling the Debtors' restructuring hotline at 866-296-8019 (toll free) or 212-771-1128 (international); (b) visiting the Debtors' restructuring website at:  https://donlinrecano.com/ssgh; (c) writing to the Notice and Claims Agent at Donlin, Recano & Company, Inc. Re: Shale Support Global Holdings, LLC, et al., P.O. Box 199043 Blythebourne Station, Brooklyn, New York 11219; and/or (d) emailing SSGHBallots@DonlinRecano.com.  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at:  http://www.txs.uscourts.gov.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.D CONTAINS A THIRD PARTY RELEASE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE VIII.D OF THE PLAN USING THE ENCLOSED OPT OUT FORM OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH.

---

*ACTIVE 45847147v1*

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.**

*ACTIVE 45847147v1*

Dated: [●], 2019

/s/ DRAFT_____
Shari L. Heyen (Texas Bar No. 09564750)
Karl D. Burrer (Texas Bar No. 24043584)
David R. Eastlake (Texas Bar No. 24074165)
**GREENBERG TRAURIG, LLP**
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:     (713) 374-3500
Facsimile:     (713) 374-3505
Email:         heyens@gtlaw.com
               burrerk@gtlaw.com
               eastlaked@gtlaw.com

*Counsel to the Debtors and Debtors in Possession*

**OPTIONAL:  RELEASE OPT OUT FORM**

You are receiving this opt out form (the "Opt Out Form") because you are a holder of a Claim or Interest that is not entitled to vote on the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan").

**Important information regarding the Third Party Release.[1]**

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN SET FORTH BELOW:

**Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the DIP Facility, the Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement and the Plan Settlement), or any**

---

[1]      Under the Plan, "*Released Party*" means collectively, and in each case, in its capacity as such:  (i) the DIP Facility Lenders; (ii) the DIP Facility Agent; (iii) the Term Loan Agent; (iv) the Term Loan Lenders; (v) the Exit Facility Lenders; (vi) the Exit Facility Agent; and (vii) with respect to each of the Debtors, the Reorganized Debtors, and each of the foregoing entities in clauses (i) through (vii), such Entity and its current and former Affiliates and subsidiaries, and such Entities' and their current and former Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; *provided* that any holder of a Claim or Interest that (x) validly opts out of the releases contained in the Plan or (y) files an objection to the releases contained in the Plan shall not be a "Released Party."  For the avoidance of doubt, the Revolving Lender is not a released party.

Under the Plan, "*Releasing Parties*" means collectively, (a) the DIP Facility Lenders, (b) the DIP Facility Agent, (c) the Term Loan Agent, (d) the Term Loan Lenders, (e) the Exit Facility Lenders, (f) the Exit Facility Agent, (g) the Committee and its members (h) all holders of Claims, (i) all holders of Interests, and (j) each of the Debtors, the Reorganized Debtors, and with respect to each of the foregoing entities in clauses (a) through (j), such Entity and its current and former Affiliates and subsidiaries, and such Entities' and their current and former Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such collectively; *provided* that any holder of a Claim or Interest that (x) validly opts out of the releases contained in the Plan or (y) files an objection to the releases contained in the Plan shall not be a "Releasing Party."

Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Facility, the Plan, or the Plan Settlement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article VIII.D, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute its finding that each release described in this Article VIII.D is: (1) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Claims; (2) in the best interests of the Debtors and all holders of Interests and Claims; (3) fair, equitable, and reasonable; (4) given and made after due notice and opportunity for hearing; and (5) a bar to any of the Debtors or Reorganized Debtors asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

\*     \*     \*

IF YOU ELECT TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH.

OPTIONAL RELEASE ELECTION. YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW:

> ☐   **The Undersigned holder of the Claim or Interest elects to OPT OUT of the Third Party Release**

**Certifications.**

By signing this Opt Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

   (a)   as of the Voting Record Date, either: (i) the Entity is the holder of a Claim or Interest; or (ii) the Entity is an authorized signatory for an Entity that is a holder of a Claim or Interest;

2

(b)     the Entity (or in the case of an authorized signatory, the holder) has received a copy of the *Notice of Non-Voting Status to Holders of Impaired Claims Conclusively Deemed to Reject the Plan* and that this Opt Out Form is made pursuant to the terms and conditions set forth therein; and

(c)     no other Opt Out Form has been submitted or, if any other Opt Out Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

3

**IF YOU HAVE MADE THE OPTIONAL OPT OUT ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.**

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Donlin, Recano & Company, Inc. **Re:  Shale Support Global Holdings, LLC, et al.** Attn:  Voting Department PO Box 199043 Blythebourne Station Brooklyn, NY 11219 | Donlin, Recano & Company, Inc. **Re:  Shale Support Global Holdings, LLC, et al.** Attn:  Voting Department 6201 15th Ave Brooklyn, NY 11219 |

**OR**

COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* VIA ELECTRONIC MAIL TO SSGHBALLOTS@DONLINRECANO.COM WITH "SSGH Opt Out Form" IN THE SUBJECT LINE

**THE VOTING DEADLINE IS OCTOBER 21, 2019, AT 4:00 P.M., PREVAILING CENTRAL TIME**

THE NOTICE AND CLAIMS AGENT MUST ***ACTUALLY RECEIVE*** YOUR OPT-OUT ELECTION ON OR BEFORE THE VOTING DEADLINE.

4

# **SCHEDULE 5**

**Form of Notice to Disputed Claim Holders**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, | § | Case No. 19-33884 (DRJ) |
| LLC, *et al.*,[1] | § | |
| | § | (Joint Administration) |
| Debtors. | § | |
| | § | |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS**

**PLEASE TAKE NOTICE THAT** on [●], 2019, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Shale Support Global Holdings, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Amended Disclosure Statement Relating to the Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the holder of a Claim that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before October 17, 2019 (the date that is two business days before the Voting Deadline)** (each, a "Resolution Event"):

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879). The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354. For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

[2]    Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

1.      an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.      an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3.      a stipulation or other agreement is executed between the holder of such Claim and the Debtors temporarily allowing the holder of such Claim to vote its Claim in an agreed upon amount; or

4.      the pending objection to such Claim is voluntarily withdrawn by the objecting party.

Accordingly, this notice is being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Donlin, Recano & Company, Inc., the notice and claims agent retained by the Debtors in the Chapter 11 Cases (the "Notice and Claims Agent"), by:  (a) calling the Debtors' restructuring hotline at 866-296-8019 (toll free) or 212-771-1128 (international); (b) visiting the Debtors' restructuring website at:  https://donlinrecano.com/ssgh; (c) writing to the Notice and Claims Agent at Donlin, Recano & Company, Inc., Re: Shale Support Global Holdings, LLC, et al., P.O. Box 199043 Blythebourne Station, Brooklyn, New York 11219; and/or (d) emailing SSGHBallots@DonlinRecano.com.  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at:  http://www.txs.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than one business day thereafter, the Notice and Claims Agent shall distribute a ballot to you, which must be returned to the Notice and Claims Agent no later than the Voting Deadline, which is on **October 21, 2019, at 4:00 p.m.,** prevailing Central Time.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact the Notice and Claims Agent in accordance with the instructions provided above.

2

*ACTIVE 45847147v1*

**ARTICLE VIII** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D CONTAINS A THIRD PARTY RELEASE.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE VIII.D OF THE PLAN USING THE ENCLOSED OPT OUT FORM OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH.

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.

3

Dated:  [●], 2019

*/s/ DRAFT* _____

Shari L. Heyen (Texas Bar No. 09564750)
Karl D. Burrer (Texas Bar No. 24043584)
David R. Eastlake (Texas Bar No. 24074165)
**GREENBERG TRAURIG, LLP**
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:      (713) 374-3500
Facsimile:      (713) 374-3505
Email:          heyens@gtlaw.com
                burrerk@gtlaw.com
                eastlaked@gtlaw.com

*Counsel to the Debtors and Debtors in Possession*

## OPTIONAL:  RELEASE OPT OUT FORM

You are receiving this opt out form (the "Opt Out Form") because you are a holder of a Disputed Claim that is not entitled to vote on the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan").

**Important information regarding the Third Party Release.[1]**

A "RELEASING PARTY" UNDER THE PLAN IS DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN SET FORTH BELOW:

**Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the DIP Facility, the Exit Facility, the Plan (including, for the avoidance of doubt, the Plan Supplement and the Plan Settlement), or any**

---

[1]    Under the Plan, "*Released Party*" means collectively, and in each case, in its capacity as such:  (i) the DIP Facility Lenders; (ii) the DIP Facility Agent; (iii) the Term Loan Agent; (iv) the Term Loan Lenders; (v) the Exit Facility Lenders; (vi) the Exit Facility Agent; and (vii) with respect to each of the Debtors, the Reorganized Debtors, and each of the foregoing entities in clauses (i) through (vii), such Entity and its current and former Affiliates and subsidiaries, and such Entities' and their current and former Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; *provided* that any holder of a Claim or Interest that (x) validly opts out of the releases contained in the Plan or (y) files an objection to the releases contained in the Plan shall not be a "Released Party."  For the avoidance of doubt, the Revolving Lender is not a released party.

Under the Plan, "*Releasing Parties*" means collectively, (a) the DIP Facility Lenders, (b) the DIP Facility Agent, (c) the Term Loan Agent, (d) the Term Loan Lenders, (e) the Exit Facility Lenders, (f) the Exit Facility Agent, (g) the Committee and its members (h) all holders of Claims, (i) all holders of Interests, and (j) each of the Debtors, the Reorganized Debtors, and with respect to each of the foregoing entities in clauses (a) through (j), such Entity and its current and former Affiliates and subsidiaries, and such Entities' and their current and former Affiliates' and subsidiaries' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, representatives, and other professionals, each in their capacity as such collectively; *provided* that any holder of a Claim or Interest that (x) validly opts out of the releases contained in the Plan or (y) files an objection to the releases contained in the Plan shall not be a "Releasing Party."

Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the DIP Facility, the Plan, or the Plan Settlement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in this Article VIII.D, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute its finding that each release described in this Article VIII.D is: (1) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Claims; (2) in the best interests of the Debtors and all holders of Interests and Claims; (3) fair, equitable, and reasonable; (4) given and made after due notice and opportunity for hearing; and (5) a bar to any of the Debtors or Reorganized Debtors asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

\*         \*         \*

IF YOUR DISPUTED CLAIM IS ALLOWED AND YOU DO NOT ELECT TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES.

IF YOUR DISPUTED CLAIM IS ALLOWED AND YOU ELECT TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH.

<u>OPTIONAL RELEASE ELECTION</u>.  TO THE EXTENT YOUR DISPUTED CLAIM IS ALLOWED, YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.D OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW:

| ☐ | **The Undersigned holder of the Disputed Claim elects to <u>OPT OUT of the Third Party Release</u>** |

2

**Certifications.**

By signing this Opt Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)     as of the Voting Record Date, either: (i) the Entity is the holder of a Disputed Claim; or (ii) the Entity is an authorized signatory for an Entity that is a holder of a Disputed Claim;

(b)     the Entity (or in the case of an authorized signatory, the holder) has received a copy of the *Notice of Non-Voting Status with Respect to Disputed Claims* and that this Opt Out Form is made pursuant to the terms and conditions set forth therein; and

(c)     no other Opt Out Form has been submitted or, if any other Opt Out Forms have been submitted with respect to such Disputed Claims, then any such earlier Opt Out Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

3

**<u>IF YOU HAVE MADE THE OPTIONAL OPT OUT ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.</u>**

| **<u>If by First Class Mail</u>**: | **<u>If by Hand Delivery or Overnight Mail</u>**: |
|---|---|
| Donlin, Recano & Company, Inc. **Re:  Shale Support Global Holdings, LLC, et al.** Attn:  Voting Department PO Box 199043 Blythebourne Station Brooklyn, NY 11219 | Donlin, Recano & Company, Inc. **Re:  Shale Support Global Holdings, LLC, et al.** Attn:  Voting Department 6201 15th Ave Brooklyn, NY 11219 |

**OR**

COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND RETURN IT (WITH AN ORIGINAL SIGNATURE) *PROMPTLY* VIA ELECTRONIC MAIL TO SSGHBALLOTS@DONLINRECANO.COM WITH "SSGH Opt Out Form" IN THE SUBJECT LINE

| **<u>THE VOTING DEADLINE IS</u>** **<u>OCTOBER 21, 2019, AT 4:00 P.M., PREVAILING CENTRAL TIME</u>** **<u>THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE*</u>** **<u>YOUR OPT-OUT ELECTION ON OR BEFORE THE VOTING DEADLINE.</u>** |
|---|

4

**SCHEDULE 6**

**Form of Cover Letter**

*ACTIVE 45847147v1*

**[●], 2019**

<u>Via First Class Mail</u>

**RE**:      **In re Shale Support Global Holdings, LLC, *et al.*,**
             **Chapter 11 Case No. 19-33884 (DRJ) (Jointly Administered)**

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

Shale Support Global Holdings, LLC and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") on July 11, 2019.

You have received this letter and the enclosed materials because you are entitled to vote on the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").[2] On [●], 2019, the Court entered an order [Docket No. [●]] (the "<u>Disclosure Statement Order</u>"):  (a) authorizing the Debtors to solicit acceptances for the Plan; (b) approving the *Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Package</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan, and for filing objections to the Plan.

> YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE PLAN.  THEREFORE, YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to holders of Claims or Interests in connection with the solicitation of votes to accept the Plan.  The Solicitation Package consists of the following:

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879).  The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354.  For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

[2]      Capitalized terms used but not otherwise defined herein have the meanings as set forth in the Plan.

a.     a copy of the Solicitation and Voting Procedures;

b.     a Ballot, together with detailed voting instructions;

c.     this letter;

d.     a statement of the Official Committee of Unsecured Creditors of Shale Support Global Holdings, LLC, *et al.*;

e.     the Disclosure Statement, as approved by the Bankruptcy Court (and exhibits thereto, including the Plan);

f.     the Disclosure Statement Order (excluding the exhibits thereto, except the Solicitation and Voting Procedures);

g.     the notice of the hearing to consider confirmation of the Plan; and

h.     such other materials as the Court may direct.

Shale Support Global Holdings, LLC (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept the Plan. The Debtors believe that the acceptance of the Plan is in the best interests of their estates, holders of Claims or Interests, and all other parties in interest. Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, likely would result in smaller distributions (or no distributions) or recoveries on account of Claims or Interests asserted in the Chapter 11 Cases.

> **THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN. THE VOTING DEADLINE IS 4:00 P.M. PREVAILING CENTRAL TIME ON OCTOBER 21, 2019.**

The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions, however, please feel free to contact Donlin, Recano & Company, Inc., the notice and claims agent retained by the Debtors in the Chapter 11 Cases (the "Notice and Claims Agent"), by: (a) calling the Debtors' restructuring hotline at 866-296-8019 (toll free) or 212-771-1128 (international); (b) visiting the Debtors' restructuring website at: https://donlinrecano.com/ssgh; (c) writing to the Notice and Claims Agent at Donlin, Recano & Company, Inc., Re: Shale Support Global Holdings, LLC, et al., P.O. Box 199043 Blythebourne Station, Brooklyn, New York 11219; and/or (d) emailing SSGHBallots@DonlinRecano.com. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.txs.uscourts.gov. Please be advised that the Notice and Claims Agent is authorized to answer questions about, and provide additional copies of, the solicitation materials, but may ***not*** advise you as to whether you should vote to accept or reject the Plan.

2

Sincerely,

_____

Shale Support Global Holdings, LLC on its
own behalf and for each of the Debtors

# **SCHEDULE 7**

**Form of Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, | § | Case No. 19-33884 (DRJ) |
| LLC, *et al.*,[1] | § | |
| | § | (Joint Administration) |
| Debtors. | § | |
| | § | |

**NOTICE OF HEARING TO CONSIDER
CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE DEBTORS AND
RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE THAT** on [●], 2019, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"):  (a) authorizing Shale Support Global Holdings, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **October 29, 2019, at 9:00 a.m.**, prevailing Central Time, before the Honorable David R. Jones, in the United

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879).  The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354.  For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

[2]     Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

*ACTIVE 45847147v1*

States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street Houston, Texas 77002.

> **PLEASE BE ADVISED**:  THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **September 16, 2019**, which is the date for determining which holders of Claims in Classes 4, 5, and 6, as applicable, are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is on **October 21, 2019, at 4:00 p.m.**, prevailing Central Time (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you *must*: (a) follow the instructions carefully; (b) complete *all* of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is *actually received* by the Debtors' notice and claims agent, Donlin, Recano & Company, Inc. (the "Notice and Claims Agent") on or before the Voting Deadline.  *A failure to follow such instructions may disqualify your vote.*

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

> **ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.D. CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.
>
> **ALL HOLDERS OF CLAIMS OR INTERESTS IN THE DEBTORS THAT (A) DO NOT FILE AN OBJECTION WITH THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES THAT EXPRESSLY OBJECTS TO THE INCLUSION OF SUCH HOLDER AS A RELEASING PARTY UNDER THE PROVISIONS CONTAINED IN ARTICLE VIII OF THE PLAN OR (B) DO NOT TIMELY OPT OUT OF THE THIRD PARTY RELEASE PURSUANT TO THE PROCEDURES AUTHORIZED IN THE DISCLOSURE STATEMENT ORDER WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND**
>
> **DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES.**

2

**Plan Objection Deadline**.  The deadline for filing objections to the Plan is **October 21, 2019, at 4:00 p.m.**, prevailing Central Time (the "Plan Objection Deadline").  All objections to the relief sought at the Confirmation Hearing *must*: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; *and* (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be *actually received* on or before the Plan Objection Deadline:

| *Counsel to the Debtors* |
|---|
| Shari L. Heyen<br>(Texas Bar No. 09564750)<br>Karl D. Burrer<br>(Texas Bar No. 24043584)<br>David R. Eastlake<br>(Texas Bar No. 24074165)<br>GREENBERG TRAURIG, LLP<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002 |
| *U.S. Trustee* |
| Attn: Stephen Statham and Hector Duran Jr.<br>Office of the United States Trustee for the Southern District of Texas<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002 |
| *Counsel to the Official Committee of Unsecured Creditors Appointed in These Chapter 11 Cases* |
| Marcus Helt<br>Holland O'Neil<br>FOLEY GARDERE<br>Foley & Lardner LLP<br>2021 McKinney Avenue, Suite 1600<br>Dallas, Texas 75201 |

3

*ACTIVE 45847147v1*

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a CD-ROM), please feel free to contact the Debtors' Notice and Claims Agent, by:  (a) calling the Debtors' restructuring hotline at 866-296-8019 (toll free) or 212-771-1128 (international); (b) visiting the Debtors' restructuring website at:  https://donlinrecano.com/ssgh; (c) writing to the Notice and Claims Agent, Attn: Shale Support Global Holdings, LLC, et al., c/o Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, New York 11219; and/or (d) emailing SSGHBallots@DonlinRecano.com.  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at:  http://www.txs.uscourts.gov.  Please be advised that the Notice and Claims Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may *not* advise you as to whether you should vote to accept or reject the Plan.

**The Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) on or before **October 16, 2019** and will serve notice on all holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

### BINDING NATURE OF THE PLAN:

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS OR INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR INTEREST IN THE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

---

*ACTIVE 45847147v1*

Dated:  [●], 2019

/s/ DRAFT
Shari L. Heyen (Texas Bar No. 09564750)
Karl D. Burrer (Texas Bar No. 24043584)
David R. Eastlake (Texas Bar No. 24074165)
**GREENBERG TRAURIG, LLP**
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:    (713) 374-3500
Facsimile:    (713) 374-3505
Email:          heyens@gtlaw.com
                  burrerk@gtlaw.com
                  eastlaked@gtlaw.com

*Counsel to the Debtors and Debtors in Possession*

**SCHEDULE 8**

**Form of Plan Supplement Notice**



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, | § | Case No. 19-33884 (DRJ) |
| LLC, *et al.*,[1] | § | |
| | § | (Joint Administration) |
| Debtors. | § | |
| | § | |

## NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT** on [●], 2019, United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Shale Support Global Holdings, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order approving the Disclosure Statement, the Debtors filed the Plan Supplement with the Court on [●], 2019 [Docket No. [●]]. The Plan Supplement contains the following documents (each as defined in the Plan): (a) New Organizational Documents; (b) Exit Facility Documents; (c) Schedule of Rejected Executory Contracts and Unexpired Leases; (d) Schedule of Assumed Executory Contracts and Unexpired Leases; (e) Schedule of Retained

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879). The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354. For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

[2]     Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

Causes of Action; and (f) any and all other documentation necessary to effectuate the Restructuring Transactions or that is contemplated by the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **October 29, 2019, at 9:00 a.m.,** prevailing Central Time, before the Honorable David R. Jones, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street Houston, Texas 77002.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **October 21, 2019, at 4:00 p.m.,** prevailing Central Time (the "Plan Objection Deadline"). Any objection to the Plan *must*: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be *actually received* on or before the Plan Objection Deadline:

| *Counsel to the Debtors* |
|---|
| Shari L. Heyen<br>(Texas Bar No. 09564750)<br>Karl D. Burrer<br>(Texas Bar No. 24043584)<br>David R. Eastlake<br>(Texas Bar No. 24074165)<br>GREENBERG TRAURIG, LLP<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002 |
| *U.S. Trustee* |
| Attn: Stephen Statham and Hector Duran Jr.<br>Office of the United States Trustee for the Southern District of Texas<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002 |
| *Counsel to the Official Committee of Unsecured Creditors Appointed in These Chapter 11 Cases* |

2

> Marcus Helt
> Holland O'Neil
> FOLEY GARDERE
> Foley & Lardner LLP
> 2021 McKinney Avenue, Suite 1600
> Dallas, Texas 75201

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Donlin, Recano & Company, Inc., the notice and claims agent retained by the Debtors in the Chapter 11 Cases (the "Notice and Claims Agent"), by:  (a) calling the Debtors' restructuring hotline at 866-296-8019 (toll free) or 212-771-1128 (international); (b) visiting the Debtors' restructuring website at:  https://donlinrecano.com/ssgh; (c) writing to the Notice and Claims Agent, Attn: Shale Support Global Holdings, LLC, et al., c/o Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, New York 11219; and/or (d) emailing SSGHBallots@DonlinRecano.com.  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at:  http://www.txs.uscourts.gov.

> ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.
>
> **THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE NOTICE AND CLAIMS AGENT.**

*ACTIVE 45847147v1*

Dated:  [●], 2019

/s/ DRAFT

Shari L. Heyen (Texas Bar No. 09564750)
Karl D. Burrer (Texas Bar No. 24043584)
David R. Eastlake (Texas Bar No. 24074165)
**GREENBERG TRAURIG, LLP**
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:     (713) 374-3500
Facsimile:     (713) 374-3505
Email:          heyens@gtlaw.com
                burrerk@gtlaw.com
                eastlaked@gtlaw.com

*Counsel to the Debtors and Debtors in Possession*

## **SCHEDULE 9**

**Form of Notice of Assumption of Executory Contracts and Unexpired Leases**



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, | § | Case No. 19-33884 (DRJ) |
| LLC, *et al.*,[1] | § | |
| | § | (Joint Administration) |
| Debtors. | § | |
| | § | |

**NOTICE OF (A) EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE ASSUMED BY THE DEBTORS
PURSUANT TO THE PLAN, (B) CURE AMOUNTS, IF ANY,
AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH**

> **PLEASE TAKE NOTICE THAT** on [●], 2019, United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Shale Support Global Holdings, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

> **PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *Assumed Executory Contract and Unexpired Lease List* [Docket No. [●]] (the "Assumption Schedule") with the Court as part of a Plan Supplement on [●], 2019, as contemplated under the Plan.  The determination to assume the agreements identified on the Assumption Schedule is subject to revision.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879).  The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354.  For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

[2]      Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **October 29, 2019, at 9:00 a.m.** prevailing Central Time, before the Honorable David R. Jones, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street Houston, Texas 77002.

PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumption Schedule. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Assumption Schedule.

PLEASE TAKE FURTHER NOTICE that the Debtors are proposing to assume the Executory Contract(s) and Unexpired Lease(s) listed in **Exhibit A** attached hereto to which you are a party.[3]

PLEASE TAKE FURTHER NOTICE THAT section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in the table above. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

PLEASE TAKE FURTHER NOTICE THAT absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) identified above will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Debtors in Cash on the Effective Date or as soon as reasonably practicable thereafter. In the event of a dispute, however, payment of the cure amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption. If an objection to the proposed assumption or related cure amount is sustained by the Court, however, the Debtors may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it.

PLEASE TAKE FURTHER NOTICE THAT (i) the deadline for filing objections to any assumption of an Executory Contract or Unexpired Lease and/or related cure amounts or adequate assurances proposed in connection therewith is **October 25, 2019, at 4:00 p.m.**,

---

[3]     Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumption Schedule, nor anything contained in the Plan or each Debtor's schedule of assets and liabilities, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that any Reorganized Debtor(s) has any liability thereunder, or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement. Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

2

prevailing Central Time (the "Assumption/Cure Objection Deadline"), and (ii) the deadline for filing objections to the Plan is **October 21, 2019, at 4:00 p.m.**, prevailing Central Time (the "Plan Objection Deadline"). Any such objections **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules and any orders of the Court; (c) state, with particularity, the basis and nature of any objection and, if practicable, a proposed resolution for such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before the Assumption/Cure Objection Deadline or Plan Objection Deadline, as applicable:

| *Counsel to the Debtors* |
|---|
| Shari L. Heyen<br>(Texas Bar No. 09564750)<br>Karl D. Burrer<br>(Texas Bar No. 24043584)<br>David R. Eastlake<br>(Texas Bar No. 24074165)<br>GREENBERG TRAURIG, LLP<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002 |
| *U.S. Trustee* |
| Attn: Stephen Statham and Hector Duran Jr.<br>Office of the United States Trustee for the Southern District of Texas<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002 |
| *Counsel to the Official Committee of Unsecured Creditors Appointed in These Chapter 11 Cases* |
| Marcus Helt<br>Holland O'Neil<br>FOLEY GARDERE<br>Foley & Lardner LLP<br>2021 McKinney Avenue, Suite 1600<br>Dallas, Texas 75201 |

**PLEASE TAKE FURTHER NOTICE THAT** any objections to the assumption of an Executory Contract or Unexpired Lease and/or related cure amounts or adequate assurances

3

proposed in connection therewith that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

> **PLEASE TAKE FURTHER NOTICE THAT any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or cure amount will be deemed to have assented to such assumption and cure amount.**

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE DATE OF THE DEBTORS OR REORGANIZED DEBTORS ASSUME SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Donlin, Recano & Company, Inc., the notice and claims agent retained by the Debtors in the Chapter 11 Cases (the "Notice and Claims Agent"), by: (a) calling the Debtors' restructuring hotline at 866-296-8019 (toll free) or 212-771-1128 (international); (b) visiting the Debtors' restructuring website at: https://donlinrecano.com/ssgh; (c) writing to the Notice and Claims Agent, Attn: Shale Support Global Holdings, LLC, et al., c/o Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, New York 11219; and/or (d) emailing SSGHBallots@DonlinRecano.com. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.txs.uscourts.gov.

> ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D. CONTAINS A THIRD PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.
>
> **THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE NOTICE AND CLAIMS AGENT.**

*ACTIVE 45847147v1*

*ACTIVE 45847147v1*

Dated:  [●], 2019

_/s/ DRAFT_____
Shari L. Heyen (Texas Bar No. 09564750)
Karl D. Burrer (Texas Bar No. 24043584)
David R. Eastlake (Texas Bar No. 24074165)
**GREENBERG TRAURIG, LLP**
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:     (713) 374-3500
Facsimile:     (713) 374-3505
Email:         heyens@gtlaw.com
               burrerk@gtlaw.com
               eastlaked@gtlaw.com

_Counsel to the Debtors and Debtors in Possession_

**Exhibit A**

**Schedule of Contracts and Leases and Proposed Cure Cost**

| Debtor | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
|  |  |  |  |

# **SCHEDULE 10**

**Form of Notice of Rejection of Executory Contracts and Unexpired Leases**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, | § | Case No. 19-33884 (DRJ) |
| LLC, *et al.*,[1] | § | |
| | § | (Joint Administration) |
| Debtors. | § | |
| | § | |

**NOTICE REGARDING EXECUTORY CONTRACTS
AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN**

**PLEASE TAKE NOTICE THAT** on [●], 2019, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Shale Support Global Holdings, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors filed the *Rejected Executory Contract and Unexpired Lease List* [Docket No. [●]] (the "Rejection Schedule") with the Court as part of a Plan Supplement on [●], 2019, as contemplated under the Plan. The determination to reject the agreements identified on the Rejection Schedule is subject to revision.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879). The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354. For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

[2]   Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

> **PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT WILL BE REJECTED PURSUANT TO THE PLAN.  THEREFORE, YOU ARE ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED IN THIS NOTICE AND THE RELATED PROVISIONS OF THE PLAN.[3]**

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **October 29, 2019, at 9:00 a.m.**, prevailing Central Time, before the Honorable David R. Jones, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street Houston, Texas 77002.

**PLEASE TAKE FURTHER NOTICE THAT** all proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Bankruptcy Court within the earliest to occur of (1) thirty days after the date of entry of an order of the Court (including the Confirmation Order) approving such rejection or (2) thirty days after notice of any rejection that occurs after the Effective Date.  **Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors or the Reorganized Debtors, their Estates, or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order, or approval of the Bankruptcy Court.**

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **October 21, 2019, at 4:00 p.m.**, prevailing Central Time (the "Plan Objection Deadline"). Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be actually received on or before the Plan Objection Deadline:

---

[3]     Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Rejected Executory Contract and Unexpired Lease List, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder. Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Rejection Schedule and assume such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim asserted in connection with rejection of any Executory Contract or Unexpired Lease.

*ACTIVE 45847147v1*

| *Counsel to the Debtors* |
|:---:|
| Shari L. Heyen<br>(Texas Bar No. 09564750)<br>Karl D. Burrer<br>(Texas Bar No. 24043584)<br>David R. Eastlake<br>(Texas Bar No. 24074165)<br>GREENBERG TRAURIG, LLP<br>1000 Louisiana St., Suite 1700<br>Houston, Texas 77002 |
| *U.S. Trustee* |
| Attn: Stephen Statham and Hector Duran Jr.<br>Office of the United States Trustee for the Southern District of Texas<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002 |
| *Counsel to the Official Committee of Unsecured Creditors Appointed in These Chapter 11 Cases* |
| Marcus Helt<br>Holland O'Neil<br>FOLEY GARDERE<br>Foley & Lardner LLP<br>2021 McKinney Avenue, Suite 1600<br>Dallas, Texas 75201 |

**PLEASE TAKE FURTHER NOTICE THAT** any objections to Plan in connection with the rejection of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related rejection damages proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact

3

Donlin, Recano & Company, Inc., the notice and claims agent retained by the Debtors in the Chapter 11 Cases (the "Notice and Claims Agent"), by: (a) calling the Debtors' restructuring hotline at 866-296-8019 (toll free) or 212-771-1128 (international); (b) visiting the Debtors' restructuring website at: https://donlinrecano.com/ssgh; (c) writing to the Notice and Claims Agent, Attn: Shale Support Global Holdings, LLC, et al., c/o Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, New York 11219; and/or (d) emailing SSGHBallots@DonlinRecano.com. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.txs.uscourts.gov.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D CONTAINS A THIRD PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE NOTICE AND CLAIMS AGENT.**

---

*ACTIVE 45847147v1*

Dated:  [●], 2019

*/s/ DRAFT*  _____

Shari L. Heyen (Texas Bar No. 09564750)
Karl D. Burrer (Texas Bar No. 24043584)
David R. Eastlake (Texas Bar No. 24074165)
**GREENBERG TRAURIG, LLP**
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:     (713) 374-3500
Facsimile:     (713) 374-3505
Email:         heyens@gtlaw.com
               burrerk@gtlaw.com
               eastlaked@gtlaw.com

*Counsel to the Debtors and Debtors in Possession*

## <u>SCHEDULE 11</u>

**Form of Statement of the Official Committee of Unsecured Creditors**

**STATEMENT OF THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF SHALE SUPPORT GLOBAL HOLDINGS, LLC, *ET AL.***

**Chapter 11 Case No. 19-33884 (DRJ)**

c/o Foley Gardere, Foley & Lardner LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201

September 17, 2019

**To:    Holders of Class 5 Unsecured Convenience Class Claims and Holders of Class 6
General Unsecured Claims of Shale Support Global Holdings, LLC and its affiliated
debtors and debtors in possession**

Foley Gardere, Foley & Lardner LLP is counsel to the Official Committee of Unsecured
Creditors (the "Committee") in the above-referenced chapter 11 cases of Shale Support Global
Holdings, LLC, *et al.*, as debtors and debtors in possession (collectively, the "Debtors"). The
Committee was appointed by the United States Trustee to represent the interests of all of the
Debtors' unsecured creditors. We write to advise you of the Committee's position regarding the
*Amended Joint Plan of Reorganization of Shale Support Global Holdings, LLC, et al., and BSP
Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [____] (the "Plan"). The
Plan is described in, and attached as an exhibit to, the accompanying *Amended Disclosure
Statement for the Amended Joint Plan of Reorganization of Shale Support Global Holdings, LLC,
et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [____]
(the "Disclosure Statement"). Capitalized terms used but not otherwise defined herein shall have
the meanings ascribed to them in the Disclosure Statement or the Plan, as applicable.

***The Committee has concerns regarding the Plan and cannot recommend that holders of
Class 5 Unsecured Convenience Class Claims and Holders of Class 6 General Unsecured
Claims to vote to accept or reject the Plan.***

The Committee cannot make a recommendation for a number of reasons, including the
following:

- *First*, the Plan is a joint plan between the Debtors and BSP Agency, LLC ("BSP").
  BSP is the Term Loan Agent and DIP Facility Agent and serves as the agent to the
  Term Loan Lenders, the Debtors' primary prepetition secured lenders. The
  centerpiece of the Plan is a settlement between the Debtors, BSP and the Term Loan
  Lenders (the "Plan Settlement")

  The Plan proposes to give the Term Loan Lenders ownership of the Reorganized
  Debtors and substantially all of the Debtors' assets. The Committee was not involved
  in negotiating the Plan and Plan Settlement. Substantially more information regarding
  the formulation of the Plan is required before the Committee can make a
  recommendation regarding the Plan.

- *Second*, the Plan provides for a range of recovery from 4% to 26% for general unsecured creditors.  Your recovery within that range will depend on (a) whether your claim is classified as a Class 5 Unsecured Class Claim or a Class 6 General Unsecured Claim and (b) which Debtor is responsible for your claim.  The Plan is a "pot plan" in that it creates a finite pot of money for allowed general unsecured creditors to share ratably.

  Because recoveries for general unsecured creditors are limited, the addition of claims to the general unsecured creditor pool directly dilutes recoveries for general unsecured creditors.  In addition to trade claims included as general unsecured claims, the Debtors also anticipate having significant claims related to the rejection of executory contracts and unexpired leases and the proposed treatment of cure costs related to the assumption of railcar leases.  The current projected recoveries for general unsecured creditors includes the anticipated rejection and assumption claims, an amount projected to be millions of dollars.  The Committee does not agree with the Debtors' classification of assumption cure claims as general unsecured claims and cannot make a recommendation regarding the Plan without a resolution regarding the treatment of such cure claims.

- *Third*, the Plan defines "Avoidance Actions" and other "Causes of Action" as potential recoveries for the Debtors' estates.  The Plan provides that Causes of Action and Avoidance Actions will be retained by the Reorganized Debtors unless otherwise released.  The Plan allocates to the general unsecured creditors only a partial contingent recovery in one Cause of Action (the Cudd Litigation) and does not permit general unsecured creditors to share in proceeds from Avoidance Actions and other Causes of Action.  Obviously, since the Term Loan Lenders will own the Reorganized Debtors, the retention of such claims will solely benefit the Term Loan Lenders.  As the Plan provides limited recoveries for general unsecured creditors, the Committee believes that the allocation of recoveries from Causes of Actions and Avoidance Actions unfairly favors the Term Loan Lenders and DIP Facility Lenders at the expense of general unsecured creditors.

- *Fourth*, the Committee has had insufficient time to review the Debtors' Liquidation Analysis, Financial Projections, and Valuation Analysis.  The Committee's professionals are continuing to review the Debtors' financial analysis in support of the Plan and cannot make an independent determination of the validity and reasonableness of such analysis.  The Committee cannot recommend whether general unsecured creditors should vote to accept or reject the Plan until its professionals have had sufficient time to review and test this information.

- *Fifth*, the Plan contains extraordinarily broad releases of the Debtors and a multitude of non-Debtor third parties, including BSP, the Term Loan Lenders, the Debtors' current and former directors, managers, officers, and equity holders and all of the Debtors' current and former affiliates and subsidiaries (as well as those entities' affiliates and subsidiaries and their current and former officers, directors, managers,

equity holders, etc.).  The Disclosure Statement fails to provide information as to the identity of these "Released Parties," the consideration these "Released Parties" are providing to warrant such releases, nor otherwise describes the legal justification in support of the releases.  Further, the releases are of all "Causes of Action," which is broadly defined.  The Committee believes that the Debtors should provide substantial additional disclosures regarding these third party releases.  Importantly, unless creditors and parties in interest "opt out" of these third party releases, they are deemed to have granted very broad releases to these "Released Parties."  The Committee believes that if creditors want to "opt in" of the third party releases, they should have that election.  At present, the Plan requires that parties "opt out" of the releases by so indicating on their voting ballot; in other words, if a creditor does not vote or does not "opt out," it will be deemed to have agreed to release these third parties.

***For the foregoing reasons, among others, the Committee cannot make a recommendation to holders of Class 5 Unsecured Convenience Class Claims and Holders of Class 6 General Unsecured Claims to vote to accept or reject the Plan.***

The foregoing description is not intended as a substitute for the Disclosure Statement.  Creditors should read the Disclosure Statement and Plan in their entirety, and then make their own respective independent decisions as to whether the Plan is acceptable.

The Debtors have provided you with a Ballot with which to vote to accept or reject the Plan.  In order to have your vote counted, you must complete and return the Ballot in accordance with the procedures set forth therein and in the accompanying Disclosure Statement Order.  **<u>PLEASE READ THE DIRECTIONS OF THE BALLOT CAREFULLY AND COMPLETE YOUR BALLOT IN ITS ENTIRETY BEFORE RETURNING IT TO THE DEBTORS' SOLICITATION AGENT</u>**.

Should you have any questions about this letter, the Plan, the Disclosure Statement or the solicitation procedures, we would be pleased to discuss them with you at your convenience.  Please direct any such questions to Holland O'Neil (214-999-4961; honeil@foley.com) or Timothy C. Mohan (720-437-2014; tmohan@foley.com).

Very truly yours,

THE OFFICIAL COMMITTEE UNSECURED CREDITORS OF SHALE SUPPORT GLOBAL HOLDINGS, LLC, *ET AL*