UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SHALE SUPPORT GLOBAL HOLDINGS, LLC, *et al.*,[1] | § § § | Case No. 19-33884 (DRJ) |
| | § | (Jointly Administered) |
| Debtors. | § § | |

**STIPULATION AND AGREED ORDER RESOLVING PROOF OF
CLAIM NOS. 23 AND 28 FILED BY COYOTE LOGISTICS, LLC**

This stipulation and agreed order (the "Stipulation and Agreed Order") is made by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Coyote Logistics, LLC ("Coyote Logistics," and together with the Debtors, the "Parties").

**WHEREAS**, on July 11, 2019 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code;

**WHEREAS**, on July 12, 2019, the Court entered an order [Docket No. 6] authorizing the retention and appointment of Donlin, Recano & Company, Inc. ("DRC") as Claims, Noticing, and Solicitation Agent, and directing DRC to maintain the Official Claims Register in these chapter 11 cases;

**WHEREAS**, on July 29, 2019, the Court entered an order [Docket No. 92], which, among other things, established (a) August 30, 2019 as the deadline for all non-governmental entities holding or wishing to assert a "claim" (as defined in section 101(5) of the Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879).  The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354.  For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

Code) against any of the Debtors that arose before the Petition Date to file a proof of such claim in writing and (b) January 7, 2020 as the deadline for all governmental entities holding or wishing to assert a "claim" (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose before the Petition Date to file a proof of such claim in writing;

**WHEREAS**, on July 31, 2019, Coyote Logistics filed a proof of claim against Southton Rail Yard, LLC ("Claim No. 24") on the Official Claims Register in the amount of $3,600,000.00 on account of a Settlement and Release Agreement and Amended Settlement and Release Agreement by and between Southton Rail Yard and Coyote Logistics;

**WHEREAS**, on July 31, 2019, Coyote Logistics filed duplicate proofs of claim against Shale Support Holdings, LLC ("Claim No. 23" and "Claim No. 28" on the Official Claims Register, and together with Claim No. 24, the "Claims") in the amount of $3,600,000.00 on account of a Guarantee Agreement by Shale Support Holdings, LLC in favor of Coyote Logistics;

**WHEREAS**, on September 20, 2019, the Debtors filed the *Debtors' Third Omnibus Objection to Certain Proofs of Claim (Wrong Case Claims)* (the "Objection"),[2] which, among other things, seeks to disallow and expunge Claim No. 23 and Claim No. 28 as having been filed against the Wrong Debtor and being duplicative of Claim No. 24;

**WHEREAS**, as a result of the discussions between the Parties concerning the Claims and the Objection, the Parties have reached an agreement resolving the Claims as set forth herein.

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Stipulation and Agreed Order, the Parties hereby stipulate and agree as follows:

---

[2] Capitalized but undefined terms herein shall have the same meaning as ascribed to them in the Objection.

2

1. Effective upon entry of this Stipulation and Agreed Order by the Court, (a) Coyote Logistics hereby withdraws Claim No. 23 with prejudice and (b) the Debtors hereby withdraw the Objection solely as it relates to Claim No. 23 and Claim No. 28.

2. This Stipulation and Agreed Order shall not affect Claim No. 24 or Claim No. 28 (the "Surviving Claims"), which shall be Coyote Logistics' surviving claims.

3. Notwithstanding the relief granted in this Stipulation and Agreed Order and any actions taken pursuant to such relief, nothing in this Stipulation and Agreed Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity, including without limitation, the Surviving Claims; (b) a waiver of any party's right to dispute any prepetition claim, including without limitation, the Surviving Claims, on any grounds; (c) a promise or requirement to pay any prepetition claim, including without limitation, the Surviving Claims; (d) an implication or admission that any particular claim is of a type specified or defined in the Objection or any order granting the relief requested by the Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

4. The terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation and Agreed Order.

6. Donlin, Recano & Company, Inc., as Claims, Noticing, and Solicitation Agent, is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Stipulation and Agreed Order.

ACTIVE 46006478v2

7.  This Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to this Stipulation and Agreed Order.

**IT IS SO ORDERED.**

Signed: _____, 2019

_____
HONORABLE DAVID R. JONES
CHIEF UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO BY:**

| GREENBERG TRAURIG, LLP | ADAMS AND REESE LLP |
|---|---|
| By:  /s/ *David R. Eastlake* | By:  /s/ *Lisa M. Hedrick* |
| Shari L. Heyen | Lisa M. Hedrick, S.D. Tx. Bar No. 59299 |
| Texas Bar No. 09564750 | 701 Poydras Street, Suite 4500 |
| *HeyenS@gtlaw.com* | New Orleans, LA 70139 |
| Karl D. Burrer | Phone:  504-581-3234 |
| Texas Bar No. 24043584 | Fax:    504-566-0210 |
| *Burrerk@gtlaw.com* | lisa.merz@arlaw.com |
| David R. Eastlake | |
| Texas Bar No. 24074165 | ***Attorneys for Coyote Logistics, LLC*** |
| *EastlakeD@gtlaw.com* | |
| 1000 Louisiana St., Suite 1700 | |
| Houston, Texas 77002 | |
| Telephone:    (713) 374-3500 | |
| Facsimile:    (713) 374-3505 | |

***Counsel for the Debtors and Debtors in Possession***

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 3, 2019 a true and correct copy of the foregoing was electronically filed with the Clerk of the United States Bankruptcy Court for the Southern District of Texas, and was served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail.

/s/ *David R. Eastlake*
David R. Eastlake

ACTIVE 46006478v2