IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| SHALE SUPPORT GLOBAL HOLDINGS, LLC, *et al.*,[1] | § § § | Case No. 19-33884 (DRJ) |
| | § | (Jointly Administered) |
| Debtors. | § § | |

### DEBTORS' MOTION TO EXTEND THE EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 29, 2019, AT 9:00 A.M. (CDT) BEFORE THE HONORABLE DAVID R. JONES, BOB CASEY UNITED STATES COURTHOUSE, 515 RUSK STREET, COURTROOM 400, HOUSTON, TEXAS 77002.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 1121 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), extending by ninety (90) days

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Shale Support Global Holdings, LLC (5328); Shale Support Holdings, LLC (7814); Stanton Rail Yard, LLC (5976); Southton Rail Yard, LLC (8704); Drying Facility Assets Holding, LLC (6424); Shale Energy Support, LLC (8523); Mine Assets Holding, LLC (4401); and Wet Mine Assets Holding, LLC (2879). The service address for Debtor Stanton Rail Yard, LLC is 32731 Egypt Lane, Magnolia, Texas 77354. For the remainder of the Debtors, it is 600 Jefferson Street, Suite 602, Lafayette, Louisiana 70501.

their exclusive period to file a plan of reorganization and solicit acceptances thereof. In support of this Motion, the Debtors respectfully move as follows:

## INTRODUCTION

1. Through this Motion, the Debtors seek 90-day extensions of the exclusive periods to file and solicit acceptances of a chapter 11 plan. These extensions will allow the Debtors to continue their efforts to confirm their proposed plan, which is presently set for confirmation on October 29, 2019. As detailed herein, "cause" exists under section 1121 of the Bankruptcy Code to extend the Debtors' exclusivity periods, and therefore this Motion should be granted.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On July 11, 2019 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been appointed in the Debtors' chapter 11 cases. An official committee of unsecured creditors (the "Committee") was appointed on July 29, 2019.

5. Since filing their chapter 11 cases, the Debtors have focused on their balance sheet restructuring and operating their businesses. During this process, the Debtors have continued to

meet their statutory obligations under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6. Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Gary Barton, Chief Restructuring Officer of Shale Support Global Holdings, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 16] (the "First Day Declaration"), which is fully incorporated herein by reference.

7. On August 19, 2019, the Debtors filed their *Disclosure Statement for the Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 198] and *Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 199].

8. On September 18, 2019, the Debtors filed their *Amended Disclosure Statement for the Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 309] and *Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 310] (the "Amended Plan").

9. On September 18, 2019, the Court entered the *Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures for Confirmation of the Debtors' Plan of Reorganization, (III) Approving Ballot and Notice Forms in Connection Therewith, (IV) Scheduling Certain Dates with Respect thereto, and (V) Granting Related Relief* [Docket No. 319].

10. On September 19, 2019, the Debtors filed the solicitation version of their *Amended Disclosure Statement for the Amended Joint Plan of Reorganization of Shale Support Global Holdings, et al., and BSP Agency, LLC Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 320].

11. The hearing on confirmation of the Amended Plan is scheduled for October 29, 2019.

12. The Debtors' exclusive period to file a chapter 11 plan presently expires on November 8, 2019, and their deadline to solicit acceptances of a chapter 11 plan expires on January 7, 2020.

13. While the Debtors have made substantial progress in their restructuring efforts, and believe the Amended Plan will be successfully confirmed at the October 29 confirmation hearing, they file this motion out of an abundance of caution in the unlikely event that the Amended Plan is not confirmed or does not go effective prior to the expiration of the Debtors' current exclusivity periods.  Due to the Debtors' progress in these cases, an extension of the exclusivity deadlines is necessary and warranted by the facts and circumstances of these chapter 11 cases.

14. Evidentiary support for this Motion is contained in the *Declaration of Gary Barton in Support of Motion to Extend the Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* (the "Barton Declaration"), which is attached hereto as **Exhibit B**.

### RELIEF REQUESTED

15. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the Debtors' exclusive right to file a chapter 11 plan through and including February 6, 2020, and to solicit votes thereon through and including April 6, 2020 (collectively,

4

the "Exclusivity Periods"), without prejudice to the Debtors' right to seek further extensions of the Exclusivity Periods.[2]

## BASIS FOR RELIEF

16. A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code. Section 1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional 60 days, to an initial maximum of 180 days, if the debtor has filed a chapter 11 plan and is soliciting votes on such plan. "[T]he point of exclusivity is to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." *In re Burns and Roe Enters., Inc.*, No. 00-41610 RG, 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005) (internal quotation marks omitted) (quoting H.R. Rep. No. 103-835, at 36 (1994), as reprinted in 1994 U.S.C.C.A.N. 3340, 3344).

17. Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here. Specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d). Although the Bankruptcy Code does not define "cause," bankruptcy courts have discretion to extend exclusivity to promote the orderly, consensual, and successful reorganization of a debtor's affairs. *See In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987) (noting that the meaning of "cause" under section 1121 should be viewed in context of the Bankruptcy Code's goal of fostering reorganization); *In re Mirant Corp.*, No. 4-04-CV-476-A, 4-04-CV-530-A, 2004 WL

---

[2] Pursuant to Section 13 of the *Procedures for Complex Chapter 11 Cases In the Southern District of Texas* (the "Complex Case Procedures"), the filing of this Motion automatically extends such Exclusivity Periods until the date that the Court rules on this Motion.

5

2250986, at *2 (N.D. Tex. Sept. 30, 2004) (noting that an extension of exclusivity is typically granted where "the debtor showed substantial progress had been made in negotiations toward reorganization"); *In re Adelphia Comm. Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (citing factors relevant to whether "cause" exists to extend exclusive periods).

18. Courts within the Fifth Circuit and in other jurisdictions have held that the decision to extend the Exclusivity Periods is left to the sound discretion of the bankruptcy court and should be based on the totality of circumstances in each case. *See Mirant*, 2004 WL 2250986, at *3 (noting that the decision to extend exclusivity "lies within the bankruptcy court's discretion"); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (extending exclusivity based on the totality of the circumstances); *see also In re Borders Group, Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y 2011) (noting that "the court has broad discretion in extending or terminating exclusivity"); *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) (holding that section 1121(d) of the Bankruptcy Code provides the bankruptcy court "with flexibility to either reduce or increase that period of exclusivity within its discretion"). In particular, courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the Exclusivity Periods. These factors include the following:

(a) the size and complexity of the case;

(b) the need for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

(c) whether the debtor has made progress in negotiations with its creditors;

(d) whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;

(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f) whether the debtor is paying its bills as they become due;

(g) the amount of time which has elapsed in the case; and/or

(h) whether an unresolved contingency exists.

*See, e.g., In re New Millennium Mgmt., LLC*, No. 13-35719-H3-11, 2014 WL 792115, at *6 (Bankr. S.D. Tex. Feb. 25, 2014) (listing factors relevant to whether "cause" exists to extend exclusivity periods) (citing *In re GMG Cap. Partners III, L.P.*, 503 B.R. 596, 600-01 (Bankr. S.D.N.Y. 2014)); *see also In re Adelphia Comm. Corp.*, 336 B.R. at 674-77 (denying motion to terminate exclusivity based on factors for cause).

19. Not all factors are relevant to every case, and the existence of even one of the above-listed factors may be sufficient to extend a debtor's exclusivity periods. *See, e.g., Express One*, 194 B.R. at 100-01 (listing all nine factors later set forth in *Adelphia*, determining "cause" to extend exclusivity existed without finding that every factor was met); *see also In the Matter of Excel Maritime Carriers Ltd.*, 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013) (noting in an exclusivity termination context that the ultimate consideration for the court is what will best move the case forward in the best interests of all parties).

20. Further, courts regularly grant a debtor's first request for an extension of the debtor's exclusive period to file a chapter 11 plan. *See In re Apex Pharm., Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996) (noting that during the initial 120-day period in which debtors have an exclusive right to file a chapter 11 plan, "bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied.") (quoting 11 U.S.C. § 1121(b), (c)(2)); *see also Borders*, 460 B.R. at 825 (same).

21. Courts in this and other districts have approved similar relief in other complex chapter 11 cases at the initial exclusivity hearing. *See, e.g., In re Westmoreland Coal Company*, No. 18-35672 (Bankr. S.D. Tex. Jan. 16, 2019) (granting an initial exclusivity extension of 120 days); *In re iHeartMedia, Inc.*, No. 18-31274 (Bankr. S.D. Tex. July 10, 2018) (granting an initial exclusivity extension of 135 days); *In re EXCO Resources, Inc.*, No. 18-30155 (Bankr. S.D. Tex. May 8, 2018) (granting an initial exclusivity extension of 90 days); *In re Seadrill Ltd.*, No. 17-60079 (Bankr. S.D. Tex. January 8, 2018) (granting an initial exclusivity extension of 180 days); *In re GenOn Energy, Inc.*, No. 17-33695 (Bankr. S.D. Tex. Oct. 3, 2017) (granting an initial exclusivity extension of approximately 180 days); *In re Ultra Petroleum Corp.*, No. 16-32202 (Bankr. S.D. Tex. Feb. 22, 2017) (granting initial exclusivity extension of 120 days); I*n re CJ Holding Co.*, No. 16-33590 (Bankr. S.D. Tex. Nov. 3, 2016) (granting an initial exclusivity extension of 120 days); *In re SandRidge Energy Inc.*, No. 16-32488 (Bankr. S.D. Tex. Aug. 30, 2016) (granting an initial exclusivity extension of 120 days). Such initial extensions are reasonable, as serial short-term extensions lead to instability by forcing parties to continue returning to court repeatedly to litigate exclusivity. *See In re MSR Resort Golf Course LLC*, No. 11-10372 (Bankr. S.D.N.Y.), Hr'g Tr. Feb. 21, 2012, 7:24–8:3 (extending exclusivity, in part, because "everything else in the case ground to a significant halt, in light of prior fights about exclusivity").

22. The Debtors' cases satisfy these factors and, accordingly, an extension of the Exclusivity Periods is appropriate.

23. First, these cases are large and complex, as they involve eight entities with aggregate indebtedness exceeding $135 million. These facts warrant an extension of time while the Debtors complete their balance sheet restructuring.

24. Courts have acknowledged that the size and complexity of a debtor's case alone may provide cause for extending a debtor's exclusivity periods. *See Express One*, 194 B.R. at 100 (approving the debtor's third exclusivity extension and noting that "the traditional ground for cause is the large size of the debtor and the concomitant difficult in formulating a plan of reorganization"). Here, the size and complexity of these cases provides sufficient cause for the Court to extend the Exclusivity Periods.

25. Second, the Debtors require sufficient time to negotiate a chapter 11 plan. While substantial progress has been made in this regard, if the Amended Plan is not confirmed at the confirmation hearing, the Debtors will need to resume negotiations with their creditor constituents. As evidenced by the Amended Plan, the Debtors have made progress in negotiations with their creditors. However, if the Amended Plan is not confirmed, these negotiations will need to continue.

26. The Debtors' substantial progress in working with their stakeholders and administering their chapter 11 cases to date supports the extension of the Exclusivity Periods. *See In re Mirant Corp.*, 2004 WL 2250986, at *2 (noting that an extension of exclusivity is typically granted where "the debtor has shown substantial progress toward reorganization").

27. Fourth, the Debtors are not seeking to extend exclusivity to pressure creditors to accede to the Debtors' reorganization demands. The Debtors have negotiated a largely consensual chapter 11 plan, and therefore the extension will not be used to coerce creditors. As such, this factor motivates in favor of the requested extension.

28. Fifth, as evidenced by the Amended Plan, the Debtors have demonstrated reasonable prospects for filing a viable plan, as the Amended Plan has been approved for balloting, is largely consensual, and is set for confirmation.

29. Sixth, the Debtors are paying their bills as they become due and will continue to do

so during the pendency of these cases. Accordingly, this factor motivates in favor of an extension of the Exclusivity Periods, as the Debtors are not accruing unpaid administrative expenses.

30. Seventh, these cases were filed relatively recently, *i.e.* on July 11, 2019. Accordingly, the amount of time which has elapsed in the cases is relatively short, and this factor supports an extension of the Exclusivity Periods.

31. Based upon these factors, the Debtors respectfully submit that cause exists to extend the Exclusivity Periods.

## RESERVATION OF RIGHTS

32. Nothing contained in this Motion is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim; (c) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (d) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (e) a waiver of any claims or causes of action which may exist against any entity.

## NOTICE

33. Notice of this Motion has been provided by e-mail, facsimile or first-class mail to: (i) the Office of the U.S. Trustee for the Southern District of Texas; (ii) all entities on the Master Service List; (iii) counsel to the DIP Agent and Prepetition Term Loan Agent; (iv) counsel to the Prepetition Revolving Lender; (v) counsel to the Committee; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and equitable.

Date: October 4, 2019

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: */s/   Karl D. Burrer*
Shari L. Heyen
Texas Bar No. 09564750
*HeyenS@gtlaw.com*
Karl D. Burrer
Texas Bar No. 24043584
*Burrerk@gtlaw.com*
David R. Eastlake
Texas Bar No. 24074165
*EastlakeD@gtlaw.com*
1000 Louisiana St., Suite 1700
Houston, Texas 77002
Telephone:    (713) 374-3500
Facsimile:    (713) 374-3505

**COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 4, 2019, I caused a copy of the foregoing to be served on all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas by electronic mail.

By:    */s/ Karl D. Burrer*
Karl D. Burrer